## ROBINSON *v*. THE STATE.

SIMMONS, C. J.   Where a witness is sought to be impeached for contradictory statements in an affidavit alleged to have been signed by him, and the witness is unable to read the affidavit, it is not an abuse of discretion for the court to refuse to allow counsel to read the affidavit in the presence and hearing of the jury in order to ascertain from the witness whether he signed it, the judge stating to counsel that he may read the affidavit to the witness after the jury has been sent out.

2. Neither the evidence nor the prisoner's statement involved the question of voluntary manslaughter, and there was no error in so instructing the jury. Even if the question had been involved, the accused would not be heard to complain of this instruction to the jury, for the reason that his counsel had expressly requested the court so to charge.  *Cochran* v. *State*, 113 *Ga.* 736 ; *Quattlebaum* v. *State*, 119 *Ga.* 433 ; *Harris* v. *State*, 120 *Ga.* 169.

3. A juror will not be heard to impeach his verdict.  Hence, a ground of a motion for a new trial tending to impeach a verdict on the ground that the jurors, before signing their verdict of guilty, had agreed to recommend the accused for pardon, can not be considered when not verified except by one of the jurors.

4. There was no error in any of the rulings of which complaint was made. The evidence authorized the verdict, and the trial judge did not abuse his discretion in refusing a new trial.

*Judgment affirmed.     All the Justices concur.*

Submitted May 16,—Decided June 8, 1904.

Indictment for murder.     Before Judge Parker.     Charlton superior court.     April 5, 1904.

*J. L. Sweat,* for plaintiff in error.     *John C. Hart, attorney-general, John W. Bennett, solicitor-general,* and *Toomer & Reynolds,* contra.