QUEEN INSURANCE COMPANY <em>v.</em> VAN GIESEN.

ATKINSON, J. 1. Upon the trial of an action on a policy of fire insur-. ance, covering a lot of furniture, bedding, etc., stored in a building used for storage, where the policy contained a stipulation that it should be void if gasoline were kept, used, or allowed on the premises, and where the only evidence as to gasoline being on the premises was testimony tending to show that an employee of the insured, about midnight, carried a can of gasoline into the storehouse, and shortly thereafter a fire was discovered in the building which destroyed it, it was not error, as against the defendant company, for the court to instruct the jury as follows: "If you should find that the defendant has established to your satisfaction that there was kept, used, or allowed by the plaintiff, or with his knowledge, or through his complicity, direct or indirect, any gasoline upon the premises, at the time of the operation of this policy, that also would make void the policy, and there could be no recovery." "If it is proved that it is of the value stated in the policy, and that it was destroyed without any complicity on his part, he would be entitled to recover up to the value stated in the policy." "Should you conclude that this property in question was insured by the plaintiff, that it was destroyed by fire at the place named in the insurance policy through no act upon his part, you should find a verdict in favor of the plaintiff, in which event your verdict would be 'We, the jury, find for the plaintiff,' naming the sum." Such instructions did not, under the evidence submitted, place an unauthorized burden upon the defendant. If an employee of the plaintiff had carried a can of gasoline upon the premises for the purpose of burning the house containing the goods insured, and it was so used, then such act would not constitute the keeping, using, or allowing gasoline on the premises by the plaintiff, if it was carried there without his knowledge and not through his complicity, directly or indirectly.

2. Where for the purpose of impeaching a witness an affidavit made by him prior to the trial, containing statements contradictory to the testi-

mony given by him on the trial, was introduced in evidence, it was not error to reject an affidavit made by the witness prior to the affidavit introduced to impeach him, which first affidavit was in accordance with his testimony before the jury.

3. The court did not err in excluding evidence tending to show, that, some five months prior to the burning of the goods covered by the policy sued on, the plaintiff had suffered another loss by fire, in no way connected with the loss which was the subject-matter of the action on trial, and had compromised with the insurance company which had issued a policy on the other goods.

4. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. Beck, J., absent. The other Justices concur.*
> AUGUST 22, 1911.

Action upon insurance policy. Before Judge Charlton. Chatham superior court. January 22, 1910.

*Lawton & Cunningham,* for plaintiff in error.

*Osborne & Lawrence* and *E. H. Abrahams,* contra.