### 21518. FARMERS PROTECTIVE FIRE INSURANCE CO. v. WEAVER.

BROYLES, C. J. 1. Under the facts of the case the following charge was not error: "if you find that there was seed-cotton stored in this building, and you find further that it increased the risk of the defendant company, if said seed-cotton [was] permanently stored there or for any considerable length of time, it would, if you find that it increased the risk, void the policy; but I charge you that the *temporary placing* (italics ours) of seed-cotton in the building in the usual and ordinary affairs of life, even though you find that it did increase the risk, if placed there just temporarily, it would not void the policy." *Adair* v. *Southern Mutual Ins. Co.*, 107 *Ga.* 297 (33 S. E. 78, 45 L. R. A. 204, 73 Am. St. R. 122). In the instant case the evidence of the plaintiff authorized a finding that the cotton was only temporarily placed in the house occupied by him as a tenant, and it was not provided in the policy of insurance (as it was in *Edwards* v. *Farmers Ins. Asso.*, 128 *Ga.* 353, 57 S. E. 707, 12 L. R. A. (N. S.) 484, 119 Am. St. R. 385, 10 Ann. Cas. 1036) that the policy would be avoided if cotton should be stored in the building.

2. The requested charge which purported to be based upon a certain provision of the constitution and by-laws of the policy of insurance sued upon was not correctly applied to that provision, and was properly refused.

3. "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representation of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." Civil Code (1910), § 2480.

4. Under the foregoing rulings and the facts of this case, the verdict in favor of the plaintiff was authorized, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*King & Hay, J. R. Irwin,* for plaintiff in error.
*Reuben M. Tuck,* contra.