25960. COMMERCIAL UNION FIRE INSURANCE COMPANY *v.* CAPOUANO *et al.*

Decided February 27, 1937. Rehearing denied March 30, 1937.

*Smith, Smith & Bloodworth, Estes Doremus,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr., Howard, Tiller & Howard, Maddox, Matthews & Owens,* contra.

FELTON, J. Morris Capouano and his wife brought suit against the Commercial Union Fire Insurance Company on a policy of fire insurance. Capouano claimed $500 for damage to his furniture, and Mrs. Capouano claimed $433.29 for damage to her residence, such sums being for proportional amounts of additional insurance with other companies. The insurance company denied the allegations of the petition, and by affirmative defense set up violation by the insureds of the following provisions of the policy: (1) "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if the hazard be increased by any means within the control or knowledge of the insured. (2) This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if there be kept, used, or allowed on the above-described premises, benzine, benzol, dynamite, ether, fireworks, gasoline, Greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine, or other explosives, phosphorous, or petroleum or any of its products of greater inflammability than kerosene oil of the United States Standard." The insurance company's evidence showed that about two dozen quart paper cartons having the smell of gasoline were found in the house upstairs and downstairs after the fire, one or two containing a small amount of gasoline; that the fire was a flash fire caused by an inflammable fuel; that some of the bedding and clothing was saturated with gasoline; and that there were in the house, after the fire, partially burned, six one-gallon cans of rubber cement, labeled: "Inflammable. Keep away from Fire," more inflammable than kerosene.

Both the plaintiffs testified that they knew nothing about any gasoline being in the house, or the cause of the fire. In view of this evidence the court was authorized to find the presence of gasoline on the premises did not avoid the policy under either of the said provisions in the policy. The court was authorized to find that the presence of six one-gallon cans of rubber cement did not avoid the policy under its first provision, for the reason that both plaintiffs testified substantially that they did not know what was in the containers and did not open them. The expression "control or knowledge," as used in the policy, is synonymous with control and knowledge. Reasonably interpreted and construed, favorably to the insured, "control" presupposes knowledge. It

would be unreasonable to hold that a person had control of a thing of which he had no knowledge, or to say that he had control of a dangerous substance when he did not know of its danger. There might be circumstances in which a risk would be increased by means within the knowledge of the insured, but which might not be in his power to control.

Likewise, it would be unreasonable to hold that if the risk were increased by the presence of something in the insured's house, when the insured was ignorant of the fact that this something increased the risk, the policy would be voided simply because theoretically the insured had the power and authority to remove that which increased the risk. Suppose a child of the insured's had found the rubber cement in the street, wrapped in paper, addressed to a person in New York, and stamped, and brought it home with him. Would the keeping of the package in the home overnight, for the purpose of mailing it the next day, void the policy simply because the insured had control of it? We think not. We think that the word "control" involves the idea of knowledge, not only of the object itself, but of the character and content. Of course, if there were something which put the insured on notice of the character of the cement, and of the fact that it was inflammable and would increase the risk, such notice would be imputed to him as actual knowledge; but in this case both the insureds swore they did not open the package, did not know what it was, and that it was wrapped up when brought to their house, and that it stayed wrapped up. Under our view of the meaning of the words "control or knowledge," the court was authorized to believe their testimony, and to find that the risk was not increased by anything within the control or knowledge of the insureds.

The case of *Alston* v. *Greenwich Insurance Co.*, 100 *Ga.* 282 (26 S. E. 266), is cited as authority for the proposition that the policy was voided under provision (1), supra. We do not think that case is applicable to the facts of this case, for the reason that the insured in that case knew what was stored in the insured building and had knowledge of its nature. Neither do we think *Edwards* v. *Farmers Mutual Insurance Asso.*, 128 *Ga.* 353 (57 S. E. 707, 12 L. R. A. (N. S.) 484, 119 Am. St. R. 385, 10 Ann. Cas. 1036), is applicable. In that case the by-law of the mutual co-operative insurance company, which became a part of a policy of

insurance issued by it, provided that "liabilities cease at once on dwellings in the association, in which seed-cotton or loose lint-cotton is stored." The provision of that policy unqualifiedly and specifically provided that the association's liability ceased if seed-cotton or loose lint-cotton was stored in the dwelling, and the unconditional and unambiguous wording thereof excluded any excuse by reason of the lack of knowledge of the owner. In this case, if the policy had provided that if any amount of rubber cement were stored in the insured's house, such storing as took place in this case might have avoided the policy, whether the insureds knew what it was or whether they knew its inflammable nature.

The court was authorized to find that the policy was not voided under provision (2), because the testimony of both of the insureds showed that the presence of the rubber cement was a mere temporary presence, and was not being kept there as a permanent practice. 26 C. J. 222, § 271; 14 R. C. L. 1111, § 288; 4 Couch's Cyc. Ins. 3338, § 966; *Sandersville Oil Mill Co.* v. *Globe & Rutgers Fire Ins. Co.*, 32 *Ga. App.* 722 (3) (124 S. E. 728); *Farmers Protective Fire Insurance Co.* v. *Weaver*, 44 *Ga. App.* 752 (162 S. E. 839); *Queen Ins. Co.* v. *Van Giesen*, 136 *Ga.* 741 (72 S. E. 41).

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*