## COMMERCIAL UNION FIRE INSURANCE COMPANY *v.* CAPOUANO *et al.*

No. 11890. DECEMBER 3, 1937. ADHERED TO ON REHEARING, DECEMBER 16, 1937.

*Smith, Smith & Bloodworth* and *Estes Doremus,* for plaintiff in error.

*James A. Branch, Howard, Tiller & Howard, Thomas B. Branch Jr.,* and *Maddox, Matthews & Owens,* contra.

ATKINSON, Justice. Morris Capouano and his wife brought suit against the Commercial Union Fire Insurance Company upon a policy of fire insurance. The defendant answered, setting up a violation of the following provisions of the policy: "This policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the hazard be increased by any means within the control or knowledge of the insured; . . or if there be kept, used, or allowed on the above-described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerine, or other explosives, phosphorus, or petroleum or any of its products of greater inflammability than kerosene oil of the United States Standard." Uncontradicted evidence was introduced, show-

ing that six cans of rubber cement were found on the premises immediately after the fire, and also about two dozen quart paper cartons having the smell of gasoline were found upstairs and downstairs, one or two of them containing a small amount of gasoline; that the fire was caused by inflammable fuel, and some of the bedding and clothing were saturated with gasoline. An expert testified that the rubber cement was a petroleum product and of greater inflammability than kerosene oil of the United States Standard. The plaintiffs testified that they had no knowledge that the rubber cement or the gasoline were on the premises. Verdict was rendered for the plaintiffs, and the case was carried to the Court of Appeals. That court affirmed the judgment on the ground that the evidence authorized a finding that the rubber cement and the gasoline were on the premises without the knowledge of the insured, and therefore that there was no forfeiture under the terms of the policy. 55 *Ga. App.* 566. Certiorari was granted, and the case is before this court for review. The assignments of error on the decision of the Court of Appeals raise substantially one controlling question of law: Was it necessary that the insured have knowledge that the prohibited materials were being kept on the premises, before an avoidance of the contract of insurance was effected? This question has been answered in the affirmative by this court, in a case wherein the provisions of the contract were identical with those in the instant case, *Queen Insurance Co.* v. *Van Giesen,* 136 *Ga.* 741 (72 S. E. 41), where it was said: "If an employee of the plaintiff had carried a can of gasoline upon the premises for the purpose of burning the house containing the goods insured, and it was so used, then such act would not constitute the keeping, using, or allowing gasoline on the premises by the plaintiff, if it was carried there without his knowledge and not through his complicity, directly or indirectly." That decision is ample authority for and supports the ruling made by the Court of Appeals. In *Edwards* v. *Farmers Mutual Insurance Asso.,* 128 *Ga.* 353 (57 S. E. 707, 12 L. R. A. (N. S.) 484, 119 Am. St. R. 385, 10 Ann. Cas. 1036), the provisions of the policy therein dealt with were unqualified, and contained no provisions relating to control or knowledge, as contained in the policy in the instant case and in *Queen Insurance Co.* v. *Van Giesen.*

*Judgment affirmed.    All the Justices concur, except Bell, J., who dissents, and*

JENKINS and GRICE, Justices, concurring specially.    We concur in the judgment affirming the judgment of the Court of Appeals, because the record presents only a naked question of law, the issue whether or not the facts and circumstances were such as to conclusively show knowledge on the part of the assured not being before us for decision, and no error appearing in the rulings of the Court of Appeals on the questions of law presented by the assignments of error in the petition for certiorari.