30447. BROWN v. THE STATE.

DECIDED JULY 12, 1944. REHEARING DENIED JULY 28, 1944.

*John Andy Smith,* for plaintiff in error.

*Ed Wohlwender Jr., solicitor-general,* contra.

MacINTYRE, J. 1. The defendant in his brief does not urge that the refusal to continue, under the evidence introduced on the motion to continue, would, in and of itself, require a reversal; but contends that the sum total of the matters argued in his brief, including the motion to continue, which culminated in the failure of the judge to charge without request on the lesser offense of an assault and battery, "when considered together, should require a reversal." The motion to continue did not meet the requirement of the Code, § 81-1410, and the court did not abuse its discretion in overruling this motion, nor would all of the matters complained of and argued in the defendant's brief, "when considered together," require a reversal.

2. The defendant contends that the indictment, charging an assault with intent to rape, so describes the manner of the commission of the offense as to contain allegations essential to constitute the lesser offense of an assault and battery; that the evidence would consistently support a verdict for either offense; and that, therefore, it was reversible error for the trial judge, without request, to fail to charge the jury, with reference to this lesser offense. See *Barton* v. *State,* 58 *Ga. App.* 554 (199 S. E. 357). The rule sought to be invoked by the defendant is not applicable here where the judge's order overruling the motion for a new trial stated: "Before the court commenced its charge to the jury in said cause Hon. Joseph O. McGehee, leading counsel for Mr. Brown, the defendant, stated to the court that it was his and his client's contention that neither assault nor assault and battery were involved in the case, and he requested the court not to charge the jury upon both subjects. As the court was closing his charge without instructing the jury on assault or assault and battery, the court called counsel for both the State and Mr. Brown before him and

asked, out of the hearing of the jury, if either wished a charge upon assault or assault and battery; whereupon Mr. McGehee again stated that he did not think it was involved, and that he did not desire the court to instruct the jury on either subject, and the court in compliance with the request of Mr. McGehee did not include either of said offenses in the charge." The contention that the lesser offenses not being charged was reversible error is controlled adversely to the defendant by the case of *Steed* v. *State,* 123 *Ga.* 569 (2) (51 S. E. 627), wherein it is said: "A party can not complain of the court's failure to charge upon a particular theory, when his counsel, in response to a question addressed to him by the court, stated that he did not desire an instruction on such theory. A party can not complain of an error which his own conduct has induced. *Quattlebaum* v. *State,* 119 *Ga.* 433 (2) (46 S. E. 677), *Harris* v. *State,* 120 *Ga.* 169 (47 S. E. 520), *Robinson* v. *State,* 120 *Ga.* 312 (2) (47 S. E. 968), *Nixon* v. *State,* 121 *Ga.* 144 (3) (48 S. E. 966). *Horton* v. *State,* 120 *Ga.* 307 (47 S. E. 969), differs from the present case and from those cited, in that the counsel merely contended to the jury that manslaughter was not involved, and did not make directly to the judge any statement which brought about the failure to charge upon the law of that offense."

3. "After verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the accused must be taken, for every presumption and every inference is in favor of the verdict." *Vandeviere* v. *State,* 58 *Ga. App.* 18 (197 S. E. 338).

4. "The law allows [the trial judge] to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial." *Smith* v. *State,* 91 *Ga.* 188 (17 S. E. 68).

5. The record discloses that the evidence for the State, if credible and believed by the jury, was sufficient to support the verdict, and this court can not disturb the judgment of the lower court refusing a new trial on the general grounds. *Puckett* v. *State,* 159 *Ga.* 230 (125 S. E. 208).

6. The evidence supports the verdict; and the same having received the approval of the trial judge, and nothing being shown in

the motion (the special grounds of which are dealt with above) to justify a new trial, the

*Judgment is affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J. The defendant in his motion for rehearing contends that we did not specifically rule on special grounds 4 and 5 of his motion for a new trial. These grounds are as follows: (4) "Because the evidence was lacking to establish an assault with intent to rape in that it did not show what is meant by private part, private parts, or privates." (5) "Because the evidence fails to show that the defendant took out his penis or that he attempted to use his penis on or in the vagina of the prosecutrix." The alleged victim, an eleven-year-old girl, testified in part as follows: "I went with him into the woods that afternoon. Mr. Brown and myself only were present. We went over a hill back of the house, then we went up another hill. We went near about to the end of daddy's line, which was out of hollering distance from the house, and where nobody could hear us. There was no one back there in that section who could hear us at all. I was walking along and all at once he grabbed me and hugged me up and told me he wanted to love me and threw me on the ground and ran his finger up. . . He threw me on the ground, then he got up and unbuttoned his pants and he got his private part and tried to connect it with me. He laid me upon the ground and took my legs and pulled my pants apart. Then he got up and pulled out his private part and tried to touch my private part and I wiggled till I got loose from him, and I went on doing it—kept on till I got away from him and I ran down the hill and through a swamp and went home. I went straight home and when I got there I told my mother about this. . . My father didn't tell me anything about ruination. I knew what the word 'ruination' meant and I know now, I had studied that in school and have had the word in school before. I had had the word 'ruination' in school. My mother told me what 'connecting' was. 'What do you mean by, "They have told you several things about this that cleared up the situation in your own mind?"' They didn't use 'ruination' to me. They did use 'rape' and 'assault,' and 'assault with intent to rape,' or 'attempted rape.' Prior to this time I didn't know what constituted my private parts, and had never heard the word used. That was told me."

We specifically rule that special grounds 4 and 5 of the motion for a new trial are not meritorious.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*