18084

The STATE, Respondent, v. J. C. McCRARY, Appellant

(131 S. E. (2d) 687)

*J. C. McCrary,* of Greenville, *Appellant, Pro Se,* 

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Assistant Attorney General,* of Columbia, and *B. O. Thomason, Jr., Solicitor,* and *James R. Mann, Solicitor,* of Greenville, *for Respondent,* 

June 25, 1963.

Moss, Justice.

J. C. McCrary, the appellant herein, was indicted by the Grand Jury of Greenville County and charged in one indictment with the crimes of (1) housebreaking, Section 16-332 of the Code; (2) safecracking, Section 16-337 of the Code; and (3) grand larceny. In a second indictment the appellant was charged with the crimes of housebreaking and grand larceny. By agreement of counsel for the State and the

appellant the two cases were consolidated for the purpose of trial. The appellant was tried and convicted on all counts of both indictments at the 1962 March term of the Court of General Sessions for Greenville County.

At the close of the testimony in behalf of the State, the appellant, through his counsel, announced that he would offer no testimony. The record affirmatively shows that the appellant did not make a motion for a directed verdict nor did he, after conviction, make a motion for a new trial.

The appellant alleges that the trial Judge committed error in trying him upon two separate indicments at the same time. The appellant was represented by an able and experienced trial lawyer and, as is heretofore stated, it was by agreement of counsel for the state and the appellant that he was placed on trial under the two indictments at the same time. The appellant is not in position to complain of any prejudice resulting to him because he consented to trial of the two indictments at the same time. He cannot complain of an error which his own conduct has induced.

In the cases of *State v. Bullock,* 235 S. C. 356, 111 S. E. 657, and *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379, we held that where an appellant expressly consented to the admission of certain evidence he was not in position to complain of its introduction. In *State v. Marlowe,* 120 S. C. 205, 112 S. E. 921, it was held that where a juror who had been accepted by both the state and defendant asked to be excused on account of illness and the accused consented, he could not be heard to complain on appeal.

In the case of *State v. Worthy,* 239 S. C. 449, 123 S. E. (2d) 835, the defendant was charged with rape and immediately following the swearing of the jury to try his case, he attempted to enter a plea of guilty with a recommendation to mercy. Such plea was refused and, after conviction, it was urged that it was error for the trial Judge to deny a motion for a new trial because there was prejudicial error to subject the defendant to trial before the jury who had

heard his offer of a plea of guilty as aforesaid. This Court, in finding that no error existed, said:

"The appellant is not in position to complain of any prejudice resulting to him by reason of his tender of the aforesaid plea. He cannot complain of an error which his own conduct has induced. *State v. Epes,* 209 S. C. 246, 39 S. E. (2d) 769; *Brown v. State,* 150 Ga. 756, 105 S. E. 289, and *Brown v. State,* 71 Ga. App. 522, 31 S. E. (2d) 85. In *State v. Britt, et al.,* 237 S. C. 293, 117 S. E. (2d) 379, we held that where an appellant expressly consented to the admission of certain evidence, he was not in position to complain of its introduction.

"We have also held that an appellant may not reserve vices in his trial, of which he has notice as here, taking his chances of a favorable verdict, and in case of disappointment, use the error to obtain another trial. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671, and the cases therein cited. We conclude that the appellant is not in position to assert error when he was the author of such and his own conduct induced the situation of which he now complains. This exception is overruled."

The rule is well established that if asserted errors are not presented to the lower Court, the question cannot be raised for the first time on appeal. *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160, and *State v. Bolin,* 230 S. C. 204, 95 S. E. (2d) 163.

In view of the fact that the appellant consented to be tried upon two indictments at the same time, and having raised no objection to such mode of trial in the lower Court, he is not in position to assert error here and we are without authority to consider a question on appeal which was not raised or presented in the Court below. This exception is overruled.

The only other question presented for determination is whether there was sufficient evidence to sustain the convictions of the appellant upon the charges con-

tained in the indictments against him. Although the appellant was represented by experienced counsel, the record affirmatively shows that no motion for a directed verdict, or for a new trial, predicated upon the insufficiency of the evidence to support the convictions was made in the Court below. The absence of such timely motions renders the point unavailable on appeal under Rule 76 of the Circuit Court. However, this Court has frequently disregarded the rule in appeals from criminal convictions, but not always. *State v. Miller,* 223 S. C. 128, 74 S. E. (2d) 582. But if the rule should be waived, the result would be the same because there was evidence to sustain the convictions of the appellant. We have, purely *ex gratia,* considered the evidence upon which the convictions of the appellant were founded. There was testimony requiring the submission of the cases to the jury, and all questions of fact, as made by the evidence, were for them. Having found that the evidence was sufficient to require the submission thereof to the jury, as to the guilt of the appellant, no useful purpose would be served by detailing such evidence.

The appellant was represented by an able and experienced attorney in the lower Court. Here, he appeared in his own behalf and orally argued his case and filed a well considered brief.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.