## 42006. JONES v. THE STATE.

DEEN, Judge. 1. At the conclusion of the evidence under an indictment charging the defendant with involuntary manslaughter in the commission of an unlawful act (speeding), the judge called the attorney for the defendant aside and asked him whether involuntary manslaughter in the commission of a lawful act without due caution and circumspection was involved. Counsel replied that he did not think this grade of manslaughter was involved in the case and the court then stated that he would not charge on that subject unless there was a request. The defendant now contends that the reply did not constitute a waiver of his right to insist on such instruction. A party may not complain of error in failing to charge a lesser grade of an offense when the error is induced by his own conduct. *Caesar v. State,* 127 Ga. 710 (57 SE 66); *Steed v. State,* 123 Ga. 569 (51 SE 627); *Threlkeld v. State,* 128 Ga. 660 (58 SE 49); *Riggins v. State,* 169 Ga. 583 (2) (151 SE 15); *Durham v. State,* 177 Ga. 744 (171 SE 265); *Brown v. State,* 71 Ga. App. 522 (2) (31 SE2d 85). No waiver appears here under the decision in *Tanner v. State,* 145 Ga. 71 (2) (88 SE 554), where the court inquired of counsel whether he should instruct on voluntary manslaughter under the evidence on a murder indictment, and counsel said merely that they were not asking for such an instruction. The court observed that this was not an expression of opinion; that

had counsel replied the charge was neither applicable nor desired that would constitute a waiver. In *Tanner*, as here, counsel indicated to the court that they did not desire the instruction by failing to accept the court's invitation to make a request, but in *Tanner* there was no expression of opinion as to its applicability. Here counsel replied that he did not think the offense was involved. He cannot now complain that the court took him at his word.

2. There is a general enumeration of error on a lengthy instruction regarding criminal negligence and the necessary proof of commission of an unlawful act. Without particularizing, the appellant contends that the charge as a whole "does not give the jury a clear picture of how the law of negligence relates to this criminal charge . . . that the court injected the law with respect to civil liability for negligence without clearly calling to the jury's attention how criminal negligence relates to the crime, and did not point out how criminal negligence related to the violation of the speed statutes." The charge as a whole was full and fair. Counsel does not point out and this court does not find that civil liability negligence yardsticks were used; on the contrary, the judge defined criminal negligence and instructed the jury that to convict they must find an intention to commit an unlawful act, and death resulting as the proximate result of such intended unlawful act. Under the former rules on assignments of error in motions for a new trial it was many times held that complaints regarding instructions must point out wherein the charge complained of was erroneous; that an assignment of error on the charge as a whole is not meritorious if a part of it was good, and that a vague and general exception to a long excerpt from a charge gave this court nothing to pass upon. *Haire v. State*, 89 Ga. App. 629 (80 SE2d 497); *Greeson v. State*, 97 Ga. App. 245 (102 SE2d 503); *Greenway v. Scoggins*, 154 Ga. 648 (4) (115 SE 99). The stringency of the old rules in part contributed to the liberality of the new Appellate Practice Act (Ga. L. 1965, p. 18), but even under the new rules a workable efficiency of review demands that the appellant shall make clear what his complaint is, or, at least so far as instructions of the court are concerned, that the alleged error be sufficiently substantial to be discerned by the reviewing court. The instructions relating to voluntary manslaughter in the commission of an unlawful act taken as a whole

were full and fair and amply protected the rights of the defendant.

3. Where it is shown that a witness professionally engaged in motor vehicle traffic safety is able from prior experience to form an opinion as to speed based on physical evidence, such as marks on the road, stopping and skidding distances, damage ensuing from physical impact, and so forth, such witness may give his opinion as to the speed at which automobiles involved in a collision were traveling although he was not an eyewitness to the event. *Passley v. State*, 62 Ga. App. 88, 94 (8 SE2d 131); *Collins v. State*, 86 Ga. App. 157 (1) (71 SE2d 99); *Cobb v. Coleman*, 94 Ga. App. 86 (2) (94 SE2d 86); *Central Container Corp. v. Westbrook*, 105 Ga. App. 855 (4) (126 SE2d 264). It was not error to admit evidence of speed offered by a State Trooper who had been investigating wrecks for over a year and had special training in the subject matter, the witness having fully examined the scene of the wreck, and having stated the facts found upon which his opinion was based.

4. Motions for a new trial on the ground of newly discovered evidence are largely in the discretion of the trial court, and will not be granted where it appears that the alleged newly discovered evidence is merely cumulative or impeaching. *Pool v. Duckworth*, 148 Ga. 180 (2) (96 SE 179).

Affidavits offered here as the basis for a new trial show that one of the witnesses refers to the defendant's speed at a time preceding that of the collision, and that of the other merely contradicts the testimony of some of the witnesses as to the rate of speed and the time when the lights of the truck driven by the deceased were turned on. The trial judge did not abuse his discretion in overruling the motion.

5. The evidence authorized a finding by the jury that the truck driven by the deceased was proceeding slowly downhill meeting an approaching automobile when the defendant, traveling at a speed of between 75 and 100 miles per hour at night on a highway where the speed limit was 50 miles per hour, abruptly topped the rise, was unable either to stop or pass the truck because of the approaching car, and collided with both vehicles, as a result of which act the driver of the truck was thrown to the pavement and sustained injuries from which he died. The only contradictory evidence in the case is that of the defendant and passenger in his automobile, who esti-

mated the speed of the defendant's automobile at between 50 and 55 miles per hour. That the death occurred because of the defendant's failure to control his speed so as not to ram the rear of the truck is uncontroverted; indubitably, whether that fact resulted from accident or from unlawful speeding on the defendant's part was a jury question.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966.

*Walter E. Baker, Jr.*, for appellant.

*Albert D. Mullis, Solicitor General, Will Ed Smith, Smith & Harrington*, for appellee.