24419. R. L. KIMSEY COTTON COMPANY, INC. et al. v. PACIFIC INSURANCE COMPANY OF NEW YORK.

ARGUED MARCH 11, 1968—DECIDED APRIL 8, 1968— REHEARING DENIED APRIL 22, 1968.

250

*Candler, Cox, McClain & Andrews, Edward Andrews, Rogers, Magruder & Hoyt, Dudley Magruder,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellee.

PER CURIAM.  In this case we review a ruling of the Court of Appeals that an insured, as a matter of law, did not exercise due diligence in maintaining fire prevention equipment in complete working order thereby increasing the hazard of fire and suspending the fire insurance coverage.  More specifically it was held: "Where a contract of fire insurance expressly required the insured to exercise due diligence in maintaining all fire prevention equipment in complete working order, and provided that the insurance was suspended and the insurer was not liable for loss occurring while the hazard was increased by any means within the control and knowledge of the insured; and the record showed *without contradiction* that the hazard of fire loss was materially increased while the water valve to a part of the sprinkler system was turned off for making necessary repairs and alterations to the sprinkler system, and that the *insured did not use reasonable diligence* in completing the repairs and alterations and thereby increased the hazard for an unnecessary length of time, the hazard was increased by means within the control and knowledge of the insured, and the insured could not recover for a loss occurring while the hazard was thus increased." (Emphasis supplied.)  *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.,* 116 Ga. App. 424 (157 SE2d 754).

We are well aware that the sprinkler system was cut off and under repair from Saturday until the following Thursday when the fire occurred as well as the numerous facts recited in the opinion of the Court of Appeals that go toward showing the insured failed to exercise due diligence in keeping the sprinkler system in working order; however, a thorough survey of the entire record discloses that the issue of due diligence is not without contradiction.  The evidence shows that the insured's employees were trying to run the newly installed oven used in production and put in the new sprinkler heads and both jobs could not be done at the same time, that there were about sixty peo-

ple employed in insured's plant and insured felt it was not necessary to shut down the whole operation and cut off the payroll in order to put in the new sprinkler heads, that the newly installed oven was twelve feet high and from the ceiling where the new sprinkler heads had to be installed to the top of the oven was twenty-five feet, that the newly installed oven was in the process of being fired and tested, that to cut off the oven caused the latex therein to harden into a mass unless the oven was cleaned and that the very sprinkler head that popped from the heat of the oven was not replaced beacused insured's employee did not have anyone to hold his ladder on the day when some of the heads were replaced. There was testimony that the insured was trying to get the new sprinkler system installed as quickly as reasonably possible, and it is shown that the new sprinkler heads to be installed were ordered in advance, their delivery was expedited by long distance calls to the supplier upon the old sprinkler system falling into disrepair, the installation of the new sprinkler heads was directed by the insured's manager immediately upon their arrival, and about sixty percent of the new sprinkler heads were installed immediately upon their arrival at the insured's plant. Thus, we are faced with the question of whether the insured's delay or interruption in installing the remaining sprinkler heads and putting said sprinkler system back into complete working order was a failure, as a matter of law, to exercise due diligence under the circumstances.

Due diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. *Code* § 105-201. Thus, due diligence is relative, a question of degree, and to determine due diligence the circumstances of each case must be considered. Certainly, due diligence in maintaining the fire prevention equipment in a plant may vary depending upon the circumstances under which the plant is operating. What might be reasonable under one set of circumstances would not be reasonable under another set. The insurance policy contemplates that the insured would operate its plant and conduct business activities on the insured premises and that circumstances would change. Who should weigh these circumstances and determine whether the insured exercised

due diligence to maintain the fire prevention equipment? Further, who should determine whether a one-day interruption, a five-day interruption or a one-week or even a two-week interruption in repairing the sprinkler system was a failure to exercise due diligence in the light of the circumstances. We are forced to the conclusion that such a determination is within the province of a jury. The evidence was sufficient to authorize the submission to the jury of whether or not the insured used reasonable diligence in completing repairs on the sprinkler system, and the trial judge properly submitted this question to the jury.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Almand, P. J., and Frankum, J., who dissent.*

ALMAND, Presiding Justice, dissenting. The Court of Appeals correctly decided this case. The evidence demanded a finding that the sprinkler system was off from Saturday until the following Thursday when the fire occurred. The insured's employee, who was in charge of installing the new sprinkler heads, stopped the installation on Saturday because of the lack of help on that day to hold the ladder. Though the plant was in operation on Sunday, Monday, Tuesday and Wednesday preceding the fire, there is a total lack of evidence as to why the remaining new sprinkler heads could not have been installed during this time. The replacement of the one sprinkler head which had popped the week before would have permitted the turning on of the valve controlling the water supplied to the sprinkler system in this area.

Under the express provisions of the insurance policy, the insured was required to use "due diligence in maintaining in complete working order all equipment and services, installed for the . . . extinguishment of fire in the property covered by this policy and under the control of the insured," and the insurer would not be liable for a loss occurring "while the hazard is increased by any means within the control or knowledge of the insured."

The evidence demanded a finding that the insured had breached this condition of the policy.