44049.  ROYAL FROZEN FOODS COMPANY, INC. et al. v. GARRETT.

ARGUED NOVEMBER 8, 1968—DECIDED FEBRUARY 19, 1969— REHEARING DENIED MARCH 19, 1969—

*Frank C. Vann, Benjamin L. Bateman,* for appellants.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff,* for appellee.

HALL, Judge. 1. We will discuss the several arguments made by the parties to support their positions. The evidence is uncontradicted that the defendant after receiving gasoline in her automobile backed into a gasoline pump belonging to Royal Frozen Foods; the pump fell over, gasoline ignited, and the fire spread and damaged the properties of the plaintiffs for which recovery was sought. The facts and circumstances in evidence do not authorize an inference that the defendant was not negligent in backing into the pump. We must therefore consider the question whether the jury could have found that a cause or causes other than the defendant's negligence contributed to or was the sole cause of the plaintiffs' damages.

There was no evidence that when the defendant's car hit the pump the impact was of great force. The jury could have found that the gasoline pump was not substantially secured and that this fact contributed to cause the pump to fall and the fire which followed. Regulations of the Georgia Safety Fire Commissioner governing the storage, transportation, and handling of gasoline and other flammable liquids, promulgated under authority of Ga. Laws 1949, pp. 1057, 1058, 1063 (*Code Ann.* §§ 92A-703, 92A-715) were introduced in evidence. Stated purposes of the 1949 Act are to prevent destruction of life and property by fire and to authorize the commissioner to promulgate rules and regulations for the prevention of fire. The regulations have the force of a statute (*Code Ann.* § 92A-703), and include the following requirement: "All dispensing equipment for gasoline or other motor fuel shall be of approved type, and shall be substantially secured." Regulation XXXII, Part II, Division V, 504 (a). The jury was authorized to find the failure to secure the gasoline pump to be negligence.

The evidence showed that the gasoline pump was installed by Sing Oil Company, an independent contractor, for the plaintiff. *Code* § 105-502 (4) provides that the employer is liable for the negligence of the independent contractor when the negligent act is the violation of a duty imposed by statute. Hence if the

jury found that the gasoline pump was not substantially secured, Royal Frozen Foods would be chargeable with this negligence, since it was the violation of a duty imposed by statute. If the jury made this finding it could have compared the negligence attributable to Royal Frozen Foods with the negligence of the defendant and by the rules for comparative negligence would have been authorized to reach a verdict for the defendant in the Royal Frozen Foods case.

2. Of course, any negligence of Royal Frozen Foods found to have contributed to cause the fire could not be compared with the defendant's negligence to diminish Royal Brothers' recoverable damages. We do not agree with the defendant's contention that negligence of the Camilla Fire Department in fighting the fire could have been found by the jury to be the sole proximate cause of the spread of the fire after the fire fighting began and the ensuing damages. The evidence showed that when the fire department arrived the fire was confined around the gasoline pump. It is extremely doubtful that the facts and circumstances in evidence would support an inference that the fire department was negligent in using or failing to use any means accessible to it to fight the fire, i.e., that the fire department had a duty in the circumstances to refrain from doing what it did or a duty to take different or other action within its power. However, without deciding this question, we will assume for discussion that the evidence would authorize findings that the fire department was negligent and that this negligence contributed to the ensuing damages. To relieve the defendant of all liability the jury would have to find that the fire department's action could not reasonably have been foreseen to follow the fall of the pump and ignition of the gasoline and that it was sufficient in itself to cause the ensuing damages. *Southern R. Co. v. Webb*, 116 Ga. 152 (42 SE 395, 59 LRA 109); *Williams v. Grier*, 196 Ga. 327, 337 (26 SE2d 698). The fire department's efforts unquestionably were set in motion by the defendant's negligence, and could reasonably have been foreseen. "The act of a third person, although negligently performed, in attempting to remedy the situation caused by the negligence of the original wrongdoer is not ordinarily an efficient intervening cause relieving the

latter from liability for the resulting injury." 38 AmJur 738, § 79; 65 CJS 1216, § 111 (5). The evidence did not authorize the conclusion that the action of the fire department was an intervening cause relieving the defendant of liability. Therefore, verdicts for the defendant based on such a conclusion would not be authorized. For the reasons stated above, the verdict for the defendant in the Royal Brothers case was not authorized.

3. The plaintiffs enumerate as error the court's refusal to grant a new trial because of charges given to the jury on the defendant's request. In their motions for new trial the plaintiffs contended the court erred in giving charges embodied in requests numbers 3 and 3 (a), on the grounds that they were argumentative in that the court had previously charged the jury on the question of proximate cause and had also given charges substantially the same at least three other times, though these additional charges were not complete correct statements of the law themselves; and on the further grounds that the charges (defendant's requests 3 and 3 (a)) were confusing and misleading to the jury and not sound as abstract principles of law.

The plaintiffs at the trial made objection to the charge as follows: "You charged their request number 3 and their request number 3 (a), and I contend that they are incomplete and that they are inaccurate statements taken solely by themselves, because they don't go far enough."

A general objection to the court's charge under Code Ann. § 70-207 (a) which points out no specific defect is insufficient; the objection must be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the trial court. DuFour v. Martin, 117 Ga. App. 160 (3) (159 SE2d 450); Ga. Power Co. v. Maddox, 113 Ga. App. 642 (149 SE2d 393); Jones v. State, 113 Ga. App. 667, 668 (149 SE2d 426). In our opinion the objection made by the plaintiff at the trial does not meet this test.

4. No objections were made at the trial to the other charges upon which enumerations of error are made. We are of the opinion that these alleged errors in the charge are not "harmful as a matter of law" under Code Ann. § 70-207 (c). This provision is inapplicable "unless it appears that the error contended

428

is 'blatantly apparent and prejudicial' (*Hollywood Baptist Church v. State Highway Dept.*, 114 Ga. App. 98, 99 (3) (150 SE2d 271)), and that a 'gross miscarriage of justice attributable to it is about to result.' *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6b) (149 SE2d 383)." *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656). See also *Atlanta Americana &c. Corp. v. Sika Chemical Corp.,* 117 Ga. App. 707, 710 (161 SE2d 342); *Holcomb v. Kirby,* 117 Ga. App. 266, 270 (160 SE2d 250). *Code Ann.* § 70-207 (c) is somewhat analogous to former *Code Ann.* § 6-804, which was applicable in cases where the verdict "necessarily had been controlled" by the charge of the court. See *Henderson v. State,* 123 Ga. 739 (51 SE 764) on the strict application of the former rule.

The trial court did not err in overruling the motions for new trial on the grounds of erroneous charges to the jury as contended in the enumerations of error.

For the reasons stated in Division 1, the trial court did not err in overruling the motion for new trial of Royal Frozen Foods Co., Inc. For the reasons stated in Division 2, the court erred in overruling the motion for new trial of Royal Brothers Co., Inc., on the ground stated in enumeration of error number 2.

*Judgment in action of Royal Frozen Foods Co., Inc., affirmed. Judgment in action of Royal Brothers Co., Inc., reversed. Bell, P. J., and Quillian, J., concur.*