## 44180. FRIED v. RICHARD.

HALL, Judge. The plaintiff appeals from a judgment overruling his motion for new trial.

1. The motion to dismiss the appeal is denied.

2. The trial court did not err in overruling the ground of the motion for new trial that the evidence was contrary to the verdict.

3. The defendant offered in evidence the testimony of a police officer as to the speeds of the colliding vehicles. The plaintiff objected to this testimony on the ground that the witness was not "shown to be qualified by experience and training to form an estimate of speed." The trial court did not err in admitting the evidence over this objection. If the witness's qualifications were weak, this could affect the credibility of his testimony but not its admissibility. *Cobb v. Coleman,* 94 Ga. App. 86, 90 (93 SE2d 801); *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 860 (126 SE2d 264). Accord *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755). In this court the defendant argues that the facts upon which the officer's opinion was based were insufficient foundation for the opinion. The cases cited by the plaintiff do not support this position in view of the officer's testimony as to the weather and road conditions, the absence of skid marks and debris and other circumstances at the scene, including the physical damage to the vehicles and to the bark of a tree. In any event, this argument does not correspond to the objection made at the trial and therefore could not be a ground for reversal. *Anderson v. Jarriel,* 224 Ga. 495, 496 (162 SE2d 322); *Weston v. City Council of Augusta,* 114 Ga. App. 804 (152 SE2d 700).

4. After the court charged the jury the plaintiff objected on the ground that the court failed to charge the definition and effect of proof of negligence per se—that the mere proof of the violation of a statute would constitute negligence without any other proof. The court's charge on this subject was that a finding by the jury that the defendant violated any statute regulating traffic which had been charged "would be negligence per se, that is, negligence of itself." While this instruction was somewhat scant, we cannot say as a matter of law that it was incorrect. The court did not err in overruling the

objection which did not specify any substantial additional instruction the court should have given. *Jones v. State,* 113 Ga. App. 667, 668 (149 SE2d 426) ; *Ga. Power Co. v. Maddox,* 113 Ga. App. 642, 646 (149 SE2d 393) ; *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED JANUARY 14, 1969—DECIDED MAY 13, 1969.

*L. D. Burns,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey,* for appellee.