## 44049. ROYAL FROZEN FOODS COMPANY, INC. et al. v. GARRETT.

PER CURIAM. This case having been remanded to this court by the Supreme Court of Georgia (*Garrett v. Royal Bros. Co.*, 225 Ga. 533 (170 SE2d 294)), the judgment of this court (*Royal Frozen Foods Co. v. Garrett*, 119 Ga. App. 424 (167 SE2d 400)) is hereby vacated and set aside and, in accordance with the decision of the Supreme Court, the judgment of the court below is

Affirmed. *Bell, C. J., and Quillian, J., concur. Hall, P. J., concurs specially.*

DECIDED NOVEMBER 21, 1969.

*Frank C. Vann, Benjamin L. Bateman,* for appellants.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff,* for appellee.

HALL, Presiding Judge, concurring specially. The Supreme Court's opinion in this case has provoked considerable discussion among both the bench and bar as to what it really held. For this reason, I will attempt a possible analysis.

Let me begin by restating this court's opinion which was reversed by the Supreme Court: The uncontradicted evidence in the case showed that the lady defendant, after receiving gasoline in her automobile, backed into a gasoline pump, knocked it over, the gasoline ignited and a fire spread causing damage to the property of both plaintiffs. The lady defendant admitted these facts and offered no explanation for her conduct, and this court held under the "plain, palpable and undisputable" rule that the evidence demanded a finding for one plaintiff for at least nominal damages. *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424, supra.

Does the opinion of the Supreme Court abolish the right of a court to declare conduct to be negligence as a matter of law in "plain, palpable and undisputable" cases or is it merely a different interpretation of the evidence by that court under a well established rule of law? To take the latter view would be to accuse our highest court of refusing to follow its own rule as

to the grant of certiorari. See *Central of Ga. R. Co. v. Yesbik*, 146 Ga. 620 (91 SE 873); *L. & N. R. Co. v. Tomlin*, 161 Ga. 749, 756 (132 SE 90); and *Hicks v. L. & N. R. Co.*, 182 Ga. 595, 602 (186 SE 662). But see *McCluskey v. American Oil Co.*, 225 Ga. 63 (165 SE2d 830). True there is some language toward the end of the opinion where the "plain, palpable and undisputable" rule is quoted; however, the actual holding of the case is set out in the opinion and in the headnote to be: "The conduct of a defendant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a lawmaking body, and, in the absence of such a declaration the jury is the arbitor of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff." If this be the law, then "the plain, palpable and undisputable" rule is gone, for the simple reason that the above language excludes per se any exception to the rule. (See dissent by Justices Grice and Felton.) If it does not exclude the "plain, palpable and undisputable" rule, the above pronouncement is meaningless and serves only to confuse.

It is important to remember that this new doctrine cuts both ways and, if applied, will prevent a court from holding as a matter of law that a plaintiff is negligent, failed to exercise care for his own safety or assumed the risk. A harbinger of the Supreme Court's *Garrett* opinion is found in an earlier opinion of that court. This court held in a suit by a plaintiff insured against a fire insurer that the facts demanded a finding that the *plaintiff* had failed to exercise due diligence in repairing its sprinkler system as required by the insurance contract and that the insurer was entitled to a judgment notwithstanding the verdict. *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.*, 116 Ga. App. 424 (157 SE2d 754). The excuse offered by the plaintiff for the fact that its sprinkler system was not in operation at the time of the fire was that while it received new sprinkler heads on Saturday and installed some of them that day, the reason why they were still not installed on the following Thursday (day of the fire) was because the maintenance foreman could not find anyone to hold the ladder for him. The Supreme Court

reversed the judgment of this court holding that the evidence was sufficient to authorize a jury to find that the plaintiff "used reasonable diligence in completing repairs on the sprinkler system. . ." *R. L. Kimsey Cotton Co. v. Pacific Ins. Co.,* 224 Ga. 249 (161 SE2d 315).

An argument can be made both for and against this new principle of law. It is true that probably no other jurisdiction in the English speaking world has gone this far. However, our Supreme Court has said once before that it does not "follow the crowd." *Cox v. General Electric Co.,* 211 Ga. 286, 291 (85 SE2d 514). Some may also say that this is not a "full-bench decision" and that the older decisions on the "plain, palpable and undisputable" rule should be followed. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753, LRA 1917A 306).[1] However, the mystical qualities and application of the "full-bench" rule rest within the breasts of the members of the Supreme Court. See Feild and Sutter, "The Price of Milk and The Supreme Court of Georgia," 19 Mercer L. Rev. 366-401 (1968).

In defense of this new pronouncement, some could say that the "plain, palpable and undisputable" rule created confusion in our decisions in that predictability was uncertain. An excellent example of this is the question of assumption of risk or

---

[1]"In some jurisdictions there are decisions declaring that the jury can be instructed that particular acts do or do not constitute negligence which will, or will not, authorize or prevent a recovery. But in this State, as a general rule, whether an act is negligent is a question for the jury; and except where a given act is forbidden, and rendered negligent per se as to the injured person, or an act is commanded and its omission rendered negligent, by a statute or valid municipal ordinance, the presiding judge should not instruct the jury what ordinary care requires to be done in a particular case. *Atlanta & West Point R. Co. v. Hudson,* 123 Ga. 108 (51 SE 29), and cit.; *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (68 SE 804); *Atlantic C. L. R. Co. v. McDonald,* 135 Ga. 635 (6), 636 (70 SE 249). Nevertheless, in some cases, the undisputed facts may be so clear as to leave no room for a jury to find save one way, and the question may become one of law and be dealt with on demurrer or motion for a nonsuit."

failure to exercise care for his own safety as a matter of law where a plaintiff knowingly rides in an automobile being operated by a defendant who has had several drinks of intoxicating beverages. This court held the question to be for the jury under the "plain, palpable and undisputable" rule in *Sparks v. Porcher,* 109 Ga. App. 334 (136 SE2d 153), and the Supreme Court denied certiorari, 109 Ga. App. 885. This court then reversed itself and ruled for the defendant on the question as a matter of law in *Freeman v. Martin,* 116 Ga. App. 237 (156 SE2d 511), and the Supreme Court again denied certiorari, 116 Ga. App. 880. This court reversed itself once again and held that it was a question for the jury in *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616) and the Supreme Court again denied certiorari, 119 Ga. App. 890. It is obvious therefore that here is a factual situation where there is no predictability whatever by either this court or the Supreme Court under the "plain, palpable and undisputable" rule.

If followed in the future, the new rule will be much easier to apply since it is an absolute. It will also be applicable in most negligence cases for the reason that they usually involve conduct of a plaintiff or a defendant which has never been declared to be negligence by the General Assembly.