67204. COMMERCIAL UNION INSURANCE COMPANY v. TAYLOR et al.

QUILLIAN, Presiding Judge.
This appeal is from judgment for the insureds — Huey and Larry Taylor, d/b/a Taylor's Farm Supply, against their insurer — Commercial Union Insurance Company, for recovery of a loss sustained by fire. The Taylors, father and son, were the owners of

Taylor's Farm Supply — a partnership which sold various merchandise used by farmers. Huey — the father, was retired and did not work at the store. Larry ran the business with the help of Steve Taylor — his nephew, and two other employees who loaded and unloaded merchandise.

Larry Taylor was absent from the warehouse one day on a selling trip when the fire sprinkler began leaking and damaged some feed. Steve turned off the master valve in the basement to prevent further damage but did not tell Larry or Huey Taylor what he had done. About two weeks later a fire occurred and Steve recalled that he had turned off the sprinkler system and told Larry. Commercial Union denied the Taylor's claim for damages as a result of the fire on the basis that the insurance policy provided the insurer would not be liable for a loss where "the hazard was increased by any means within the control or knowledge of the insured . . ." The Taylors were also given a reduced rate because of the fire sprinkler system, and in consideration for such rate were required to exercise due diligence in maintaining all equipment installed for detection, prevention and extinguishment of fire, and notice of any impairment in or suspension of such protective services, within the knowledge of the named insured.

This action was tried before the trial judge, without a jury, and Commercial Union appeals judgment for the insureds. *Held:*

1. The appellant alleges the trial court failed to make a sufficient finding of fact on whether the loss resulted because the hazard was increased by a means within the control and knowledge of the insureds. We cannot agree. In *Commercial Union Fire Ins. Co. v. Capouano,* 55 Ga. App. 566 (190 SE 815), this Court construed the term "control and knowledge" and held that "control" presupposes knowledge and that it would be unreasonable to hold that a person had control of a thing of which he had no knowledge. Thus, in effect, finding that there could be no "control" without "knowledge." The trial court found that "[n]either named insured [Huey or Larry Taylor] knew the sprinkler had been turned off until after the fire had started." "There was no evidence that the employee turned the sprinkler off with the authority of any named insured . . . One of the named insureds visually inspected the sprinkler system on a periodic basis. There is absolutely no indication of any wrongdoing on the part of any named insured. The Court finds that the insureds have acted with due diligence in maintaining the sprinkler system." We hold that these findings of fact on the issue of the increase in hazard being within the control and knowledge of the insureds to be sufficient for a determination of this issue.

2. It is contended that the court's finding that the insureds

acted with due diligence in maintaining the sprinkler system is not supported by the evidence. Larry Taylor testified that he examined the sprinkler system "every two or three days . . ." He had a service contract on the sprinkler system but his insurance agent let the contract expire about a year prior to the fire. The issue of due diligence is for the finder of fact. *R. L. Kimsey Cotton Co. v. Pacific Ins. Co.,* 224 Ga. 249 (161 SE2d 315). The trial court's finding is authorized by the evidence and was not clearly erroneous. *Allen v. Cobb Heating &c. Co.,* 158 Ga. App. 209, 211 (279 SE2d 505).

3. The third enumeration of error argues that the conclusion of the trial court that the insureds had no knowledge that the sprinkler system was turned off was contrary to Georgia law and was based on an erroneous legal theory. Appellant argues that Steve Taylor was "the general agent for his employer since he was authorized to run the store while the employers were out," and that knowledge of the agent is knowledge of the principal — the named insureds. Hence, since Steve Taylor turned off the master valve in the fire sprinkler system, this knowledge was imputed to his principal as a matter of law (OCGA § 10-6-58; formerly Code Ann. § 4-309), and knowledge of the lack of a sprinkler system increased the hazard and with the concomitant failure to notify the insurer of the impaired sprinkler system suspended the policy.

Appellant's law is correct but his conclusion is without factual foundation in the record. Steve Taylor testified: "I was a clerk; just waiting on customers mostly." He was one of several employees. The store was divided up into three warehouses, and a retail section in which Steve Taylor was the sole employee other than Larry Taylor when he was there. Larry Taylor said that one of their drivers worked some in the retail store when he was not driving. The other employees worked in the warehouse section of the store.

Larry Taylor described Steve's duties as "when a customer came in to wait on them . . ." However, he maintained two bank accounts for the store and "when I was out somebody would come by and want a bill paid and he had the authority to pay it. Q. So he did have authority to pay bills, and take in money, and generally to run the store while you were out? A. Yes, sir." The record shows that Larry and Steve were the two who ran the retail section of the store and when Larry was out Steve was left to run the store and if someone had a bill that needed immediate payment — Steve could write a check to pay that bill. This does not show general agency — at most it shows a special agency to pay a store bill when presented in the absence of the owner. See 1 EGL 449-450, Agency, §§ 4, 5; 2A CJS 587, Agency, § 21. In speaking of the distinction between master-servant and principal-agent, Mechem found the "distinguishing

characteristic of the agent is that he represents his principal contractually." Mechem, Outlines of the Law of Agency (4th Ed. § 12). Appellant, in claiming general agency, is attempting to show that Steve Taylor had the authority to manage the store in the absence of the owner. Mechem stated that the authority "to manage [a] business" presumptively "will include the authority to do all things which are necessary and proper to be done in carrying on the business in the usual and accustomed way and which the principal would usually do if he were managing the affair in person." Mechem, Outlines of the Law of Agency (4th Ed.) § 67. We should note that the present case illustrates no delegated authority to act for the business except to pay bills presented in the absence of the owner. There was no authorization to purchase, to contract, to hire or fire, or even supervise other personnel.

Steve Taylor was asked by appellant's counsel: "So, you were, in essence, in charge of the hands in the back? A. No, I wasn't in charge of them . . . Q. But you directed them as to what to do? A. Well, I handed them the order." His deposition showed he was "[n]ot actually in charge . . . I was the only one there . . . As far as the business in general being in charge, I wasn't in charge of the business; no, sir." A general allegation of agency must yield to specific facts which in themselves negative the agency. *Community Theatres Co. v. Bentley,* 88 Ga. App. 303, 305 (76 SE2d 632). As pointed out in *Stewart v. Ga. Mutual Ins. Co.,* 159 Ga. App. 91, 92 (282 SE2d 728), "proof of agency can be shown . . . by circumstantial evidence, apparent relations, and conduct of the parties." However, "[i]t has long been the Georgia rule that one who is a party to the [alleged] relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact." *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414, 415 (184 SE2d 56); accord: *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 453 (191 SE2d 121); *Oglesby v. Farmers Mut.,* 128 Ga. App. 387, 389 (5) (196 SE2d 674); *Stone v. First Nat. Bank,* 159 Ga. App. 812, 814 (4) (285 SE2d 207). "Since an ' "assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties," ' such a statement may not be disregarded by the trial court. *Lewis v. Citizens &c. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765)." *Nat. Property Owners Ins. Co. v. Wells,* 166 Ga. App. 281 (2) (304 SE2d 458). The court found Steve Taylor to be an employee, and both named insureds to be without knowledge that the sprinkler system had been turned off. These findings are supported by the evidence of record.

In *Queen Ins. Co. v. Van Giesen,* 136 Ga. 741 (1) (72 SE 41), the

Supreme Court found that an insurance policy was not voided when an employee brought a can of gasoline onto the premises without the knowledge of the insured even though the policy contained a provision that "it should be void if gasoline were kept, used, or allowed on the premises . . ." The knowledge of the employee was not imputed to the insured where the prohibited act was done without his knowledge or complicity — directly or indirectly. The same facts obtain in the instant case. Accord: *Commercial Union Fire Ins. Co. v. Capouano,* 55 Ga. App. 566, supra. This enumeration is without merit.

4. The remaining enumerations of error contend the evidence admitted at trial does not support the findings of the court. We do not agree. The trial court found that there was no violation of the policy's Fire Protection Clause and Protective Safeguard Clause. Those findings are supported by the evidence of record.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED DECEMBER 1, 1983.

*Sam F. Lowe III, Sam F. Lowe, Jr., John R. Reale,* for appellant. *William T. Elsey, Velma C. Tilley,* for appellees.