25873.  FOLDS *v.* AUTO MUTUAL INDEMNITY CO. *et al.*

, DECIDED FEBRUARY 3, 1937.

*H. B. Bell, Hall & Bloch, E. W. Tipton,* for plaintiff.
*Harris, Harris, Russell & Weaver,* for defendants.

SUTTON, J.  The plaintiff brought suit for injuries alleged to have been sustained by a sudden and negligent stopping of its passenger-bus by the servant and driver of the defendant motor common carrier on the State highway in front of the plaintiff, who was driving a truck loaded with lumber slabs. The evidence was conflicting in certain particulars, but on the trial it was admitted by the bus driver that before bringing the bus to a stop, he did not comply with the Code, § 68-303 (f) which declares that "An operator intending to start, to stop, or to turn his vehicle to the left or right shall extend the hand and arm horizontally from and beyond the left side of the vehicle." The driver testified, however, that in bringing the bus to a stop he put on brakes, which caused red lights and a "stop" sign to be displayed on the rear end of the bus; and it was contended by the defendants that this was a sufficient compliance with the Code section, and that by the exercise of ordinary diligence the plaintiff might have avoided the injuries complained of. The jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial on general and special grounds. The court overruled the motion, and the plaintiff excepted. The only assignment of error argued in the brief of the plaintiff is to a portion of the charge of the court to the jury, as follows: "The defendant contends that that could not have been the proximate result of the injury complained of, and that that failure to extend his hand has no causal connection with the injury complained of; for, the defendant says that when he stopped he had on the back of his bus in red lights a warning that

the bus has stopped and that that went on instantly and served every purpose of extending the left hand from the car. Now, that brings up a question that you will have to determine. I am not suggesting to you one way or the other, it is not proper for me to do so—whether that was compliance with the ordinance" (statute).

1. Sections 68-627 and 68-634, as codified from the motor common-carrier act of 1931 (Ga. L. 1931, p. 199), and § 68-303, as codified from the motor-vehicle general law of 1927 (Ga. L. 1927, p. 226), are not in conflict, and must be construed in pari materia. So construed, the driver of a bus of a motor common carrier is not exempted from the duty of complying with the provisions of § 68-303. Repeals by implication are not favored. *Franklin County* v. *Crow,* 128 *Ga.* 458, 461 (57 S. E. 784) ; *Verdery* v. *Walton,* 137 *Ga.* 213, 216 (73 S. E. 390) ; *Pickett* v. *Bank of Ellijay,* 182 *Ga.* 540, 542 (186 S. E. 426). "Every effort must be made to make all acts stand, and the later act will not operate as a repeal of the earlier one, if by any reasonable construction they can be reconciled." *Gray* v. *McLendon,* 134 *Ga.* 224, 230 (67 S. E. 859).

2. The charge of the court as above quoted was erroneous, and deprived the plaintiff of the right to be notified of the bus driver's intention to stop, as prescribed by the statute. The display of red lights and a "stop" sign when the bus had stopped could not legally be found by the jury to be a sufficient compliance with Code, § 68-303.

(a) Failure to comply with the Code, § 68-303, is negligence per se. It can not be said that under the instruction of the court the jury did not find that the driver of the bus had sufficiently complied with that provision of the Code, and that the motor common carrier was not negligent, and accordingly returned a verdict in its favor.

(b) While in another part of the charge the court correctly informed the jury that a failure to comply with the Code, § 68-303, is negligence per se, there was no specific reference to the error above set forth; and the charge in its entirety was not such that it could be said not to have confused and misled the jury. " 'The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention called specially thereto, and being instructed ac-

cordingly.'" *Strange* v. *Boatright,* 33 *Ga. App.* 108 (125 S. E. 721), and cit.; *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91).

3. The court erred in denying a new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*