32034.   IVEY *v.* HALL

DECIDED JULY 8, 1948.

· *Felton & Felton, Martin, Martin & Snow, George C. Grant,* for plaintiff in error.

*B. F. Neal, John S. Averill Jr.,* for defendant.

PER CURIAM. ■ Ground one of the amended motion complains of the following charge: "The next charge of negligence is that the defendant drove upon the highway in the path of petitioner's car and failed to give the right-of-way to petitioner's car approaching to the right of defendant at said intersection of the road. I charge you, under the law of this State it is provided where one is coming out of an intersecting road, if another

is occupying the other intersecting road or the road the defendant is driving on intersects, and if the defendant here was to the left, was to the right of the driver on the highway, the plaintiff here, then it was the duty of the defendant, Mr. Ivey, to surrender or yield the right-of-way to this plaintiff, provided he saw the approaching car at the time he was entering the intersection or by the exercise of ordinary care should have seen it, and provided further that if his failure to yield that right-of-way you could say was the proximate cause of the damage." We think that this charge was at least inapt in two particulars. We make no ruling on whether it was such error as would alone require the grant of a new trial as the error will not likely occur on another trial. The judge charged that if the defendant "was to the left, was to the right of the driver on the highway" (the plaintiff) "then it was the duty of the defendant to surrender or yield the right-of-way to this petitioner," etc. This charge will not likely occur again. Immediately following the above excerpt the judge charged, "provided he saw this approaching car at the time he was entering the intersection or by the exercise of ordinary care should have seen it, and provided further that if his failure to yield that right-of-way you could say was the proximate cause of the damage." The last proviso left the question of whether the plaintiff had the right-of-way without explaining to them how to determine the question. It was not merely the question whether the defendant could see the plaintiff. See the rule stated in *Smeltzer* v. *Atlanta Coach Co.*, 44 *Ga. App.* 53 (160 S. E. 665); *Laseter* v. *Clark*, 54 *Ga. App.* 669 (2) (189 S. E. 265); *Brown* v. *Sanders*, 44 *Ga. App.* 114 (1) (160 S. E. 542).

■ That a charge which is correct in itself does not contain another applicable principle of law is not a good assignment of error. Ground 2 of the amended motion is without merit.

■ Ground 3 complains of the following charge: "The defendant contends that this plaintiff was negligent in that he failed to slow down at this intersection or failed to observe the side-road sign on the highway, he was negligent in that respect, and that that produced this injury. The plaintiff contends in that connection, gentlemen of the jury, that he did not know there was a side-road sign on that highway nor did he know there was an intersecting or side road. A man is not chargeable

for anything or any act that he may do if he did not know or in the exercise of ordinary care could not have known that there was a side-road sign or an intersecting highway coming into this ninety." The evidence showed that the Cedar Valley Church Road intersected Highway No. 90 at the point in question and that there was a State Highway intersection sign on the highway designating the intersection and the sign was facing south the direction from which Hall approached the intersection. Code, § 68-303 (i), provides: "An operator shall reduce speed at crossings or intersections of highways, on bridges, or sharp curves and steep descents, and when passing any animal being led on the highway." The evidence at least authorized a finding that Hall did not reduce speed at the intersection. The violation of any of the subsections of. Code § 68-303 is negligence per se. *Hollomon* v. *Hopson*, 45 *Ga. App.* 762 (3) (166 S. E. 45); *Folds* v. *Auto Mutual Indemnity Co.*, 55 *Ga. App.* 198 (2) (189 S. E. 711); *Whatley* v. *Henry*, 65 *Ga. App.* 668 (1) (16 S. E. 2d, 214). Whether or not one is negligent in the violation of a statute is not issuable. *Atlanta & West Point R. Co.* v. *West*, 38 *Ga. App.* 300 (143 S. E. 785). The law says that if one fails to reduce speed at an intersection of highways under such facts as we have in this case, he is guilty of negligence as a matter of law whether he knew of the intersection or not. The fact that the plaintiff in this case, however, might have been guilty of negligence per se would not necessarily mean that such negligence was the sole proximate cause of the injuries, or that it was one proximately contributing cause. Whether the plaintiff's negligence barred him from a recovery or required a reduction of damages allowed him, or whether it had nothing to do with the injuries are all questions for a jury who will arrive at a conclusion from the facts and circumstances of the case which are relevant to such questions. All we are holding is that if the plaintiff did not reduce speed at the intersection, under the facts in this case, he would be guilty of negligence as a matter of law, whether he knew of the intersection or not, and whether he could have discovered it by the exercise of ordinary care or not. The charge was error and harmful because it authorized the jury to find that even if Hall did not reduce speed at the intersection, such failure would not be negligence if he did not know of the inter-

section and could not have discovered it by the exercise of ordinary care, and that therefore such failure to reduce speed could not be such proximate cause of the injuries as would bar the plaintiff's recovery or such proximately contributing cause as would reduce his damages if he was otherwise entitled to recover.

Cases are cited by the defendant in error showing that an emergency may excuse the violation of a traffic regulation. We do not see how these are applicable to this case because Hall had reached the intersection before the wreck occurred. If there was an emergency it did not occur until after Hall's duty to reduce speed had passed or when his having failed to reduce speed could be called an emergency since he could not create or contribute to an emergency and then claim umbrage by reason of it. The contention that Code § 68-313 shows that the preceding statutory regulations are not intended to affect civil actions is without merit. We do not know of a case specifically so holding, but the physical precedents applying the regulations to civil actions are too numerous to enumerate. The court erred in giving this charge.

■ Ground 9 complains of the following charge: "Where in such sudden peril requiring instinctive action two alternates are presented to plaintiff, for example, the one of stopping a car and the other of trying to go around an obstacle, either of which might fairly have been chosen by a reasonably prudent person, the law will not hold plaintiff, the driver of the car, guilty of negligence in taking either, though he did not make the wiser choice." The error asserted is that "the court expressed an opinion, namely, that the plaintiff was faced with a sudden peril which could have been brought about only by acts of the defendant. Movant contends that the choice of words by the court, in the above quoted passage, was unfortunate and undoubtedly led the jury to believe that Ivey had been negligent and through his negligence had created a situation which caused Hall to invoke the doctrine of emergency." The charge is inapt as tending to assume a sudden peril to which the plaintiff did not contribute, but it will not likely occur on another trial.

■ The general grounds of the motion and special ground 7 are not passed on.

■ There is no merit in the other special grounds.

The court erred in overruling the motion for a new trial.

Under the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, page 232, Code, Ann. Supp., § 24-3501) this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., and Felton and Townsend, JJ., concur. MacIntyre, P. J., and Gardner and Parker, JJ., concur specially.*

PARKER, J., concurring specially. The charge complained of was error because it wholly excused the plaintiff from the commission of an act made negligence per se by the law, upon proof by him that he did not know, or in the exercise of ordinary care could not have known, of the intersecting road, and the side-road sign, because of the hour of the day when it is most difficult to see. Negligence per se is no greater, as a matter of law, than ordinary negligence, and it is the right and province of the jury to determine the degree of negligence attributable to each party, and whose negligence is greater, and whose and what negligence is the proximate cause of the injuries. While an act defined by the law as negligence per se is not issuable, I think that the circumstances and conditions under which such act was committed may be considered by the jury on the question of the comparative negligence of the parties, and the proximate cause or causes of the injuries.

MACINTYRE, P. J., concurring specially. I concur in the view that the excerpt from the charge of the court, which is here complained of and upon which this case is reversed, is erroneous; however, I do not agree with all that is said in the opinion but prefer to state the rule in question in the following language.

What is or is not negligence is generally a question for the jury. It is always a question for the jury except where the law has designated certain specific acts as being negligence per se. In this connection, it is negligence for the driver of an automobile to fail to obey the statutory regulation of Code, § 68-303 (i), which is: "An operator shall reduce speed at crossings or intersections of highways, or bridges, or sharp curves and steep descents, and when passing any animal being led on the highway." The failure of the operator of an automobile to observe this statutory precaution is negligence per se; however, before such negligence on the part of the plaintiff precludes his recovery

either it must be the sole proximate cause of the injury or, if concurring with the negligence of the defendant, it must be equal to or greater than the negligence of the defendant.

The proximate cause of an event is that which·in a natural and continuous sequence, unbroken by any new independent cause, produced that event, and without which that event would not have occurred. What is the proximate cause of an event depends upon the facts and circumstances of each particular case. If in a given case where an independent responsible intervening cause is involved, the injury complained of can be traced directly to the wrongful act or omission attributed to the plaintiff and was such a natural and probable consequence, in the light of the attending circumstances, as that it might and ought to have been foreseen or reasonably anticipated by reason of ordinary intelligence and prudence as likely to ensue from such act or omission, and but for such act or omission it could not reasonably be supposed that the injury would have resulted, then such act or omission is to be deemed the proximate cause of the injury. On the other hand, if in a given case the injury complained of did not flow naturally and directly from the wrongful act or omission attributed to the plaintiff, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom but for the interposition of some independent unforeseen cause, such wrongful act or omission would not be the proximate cause of the injury complained of. As a matter of law, in order to preclude recovery it must be made to appear, not only that the plaintiff was negligent as laid down in the pleadings, but also that such negligence resulted in, as the sole proximate cause thereof, the physical or bodily injuries and the property damage to the plaintiff such as are claimed in his petition.

But if the jury finds that on the alleged occasion in question the plaintiff, upon approaching the crossroad, failed to reduce speed.as required in Code § 68-303 (i), that would be negligence per se; and if the jury should find that the plaintiff was guilty of such negligence and if they should further find that such negligence was the sole proximate cause of his injury, or that the negligence of the plaintiff concurred equally, or, if the negligence of both concurred, that the plaintiff was negligent in a greater degree than was the defendant in causing the injury to his person

or damage to his property, the plaintiff would not be entitled to recover.

I am authorized to say that Judge Gardner agrees with me in this special concurrence.