39667.   PHILLIPS v. REECE et al.

Decided October 8, 1962—Rehearing denied October 23, 1962.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

Jordan, Judge.   1. The undisputed evidence in this case disclosed that there was no stop sign or other traffic control device at the intersection of Chattahoochee Avenue and Taylor Street at the time of the collision, and that the defendants' truck entered Chattahoochee Avenue from the plaintiff's right "prior to and at approximately the same time" as the automobile driven by the plaintiff. Under these circumstances it was not error, as contended in special ground 3, for the court to give in charge to the jury the provisions of *Code Ann.* § 68-1650(b), and to charge the jury that "if you find from all the evidence that there was no traffic control device at the intersection in question, and that the defendants' truck entered the intersection from the right prior to and at approximately the same time as the automobile driven by the plaintiff, Mrs. Phillips, then you would be authorized to find that the defendants' truck driven by the defendant Roman had the right of way at the intersection." *Hall v. Ponder,* 50 Ga. App. 627 (2) (179 SE 243); *Moffitt v. Dean,* 84 Ga. App. 109, 111 (65 SE2d 637).

While local authorities have the power under the provision of *Code Ann.* § 68-1607(a) (6) to designate any highway as a through highway and require that all vehicles stop before enter-

ing or crossing the same and to designate any intersection as a stop intersection and to require all vehicles at one or more entrances to stop at such intersection, it is specifically provided in Subsection (b) of said Code section that no ordinance or regulation enacted by local authorities pursuant to said Code section shall be effective until and unless signs giving notice of such local traffic regulations are posted upon or at the entrance to the highway or part thereof affected as may be most appropriate. Accordingly, since it is undisputed as stated above that the collision in question occurred at an uncontrolled intersection, there is no merit to the contention of the plaintiff that Chattahoochee Avenue was a through street under an ordinance of the City of Atlanta.

2. Special ground 4 complains that the trial court erred in giving in charge to the jury the principles of law embodied in *Code* § 38-119, the excerpt complained of being as follows: "I charge you that when a party, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, there is a presumption that such evidence, if produced, would be prejudicial to the party who could, but did not produce it. This presumption may be rebutted." The plaintiff contends that this charge was not authorized by the evidence.

This contention is without merit. An examination of the record in this case discloses that the injuries which the plaintiff had allegedly received in the occurrence under investigation and for which she was seeking damages in the instant case were similar to injuries allegedly received by the plaintiff in another occurrence about which she had complained as a basis of recovery in a suit brought by her against another party some years prior to this trial. While both parties presented medical testimony in regard to this issue, neither side produced the one doctor who is shown by the record in this case to have examined the plaintiff after both occurrences. In view of these circumstances it was not error under the decision of this court in *Beardsley v. Suburban Coach Co.*, 83 Ga. App. 381, 390 (8) (63 SE2d 911) for the trial court to submit the above principle of law in charge to the jury. See also *Morgan County v. Glass*, 139 Ga. 415 (77 SE 583).

3. The remaining special grounds have been abandoned, and there being sufficient evidence to authorize the verdict for defendants, the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*