40739. SCHOLLE ATLANTA CORPORATION v. NEALY.

DECIDED NOVEMBER 19, 1964—REHEARING DENIED DECEMBER 8, 1964.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Richard A. Newton, George B. Haley, Jr.,* for plaintiff in error.

*George B. Hooks,* contra.

BELL, Presiding Judge. ■ Ground 6 of the motion for new trial assigns error on certain portions of the court's instructions to the jury on the ground that the charge was argumentative in that it unduly stressed the contentions of the plaintiff, and plaintiff's contentions were charged with such repetition and frequency as to convey to the jury the impression that the court was of the opinion that the plaintiff should prevail. "If, as here, the pleadings of the plaintiff are fuller than those of the defendant, the natural consequence is that the court may devote more time in stating the pleadings and contentions of the plaintiff as set forth in the petition than in stating those of the defendant as set forth in his answer. *Fite v. McEntyre,* 77 Ga. App. 585, 596 (49 SE2d 159); *Scott v. Smalling,* 90 Ga. App. 292 (82 SE2d 712). 'The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon or undue prominence given to, the former.' *Phinizy v. Bush,* 135 Ga. 678 (3) (70 SE 243)." *Miller v. Coleman,* 213 Ga. 125 (2) (97 SE2d 313). "A repetition of a proposition in different instructions may be of such a character as to be in the nature of an argument. However, an instruction is not argumentative merely because it contains unnecessary repetition." *Laney v. Barr,* 61 Ga. App. 145, 147 (6 SE2d 99); *Richter v. Atlantic Co.,* 65 Ga. App. 605, 610 (16 SE2d 259). Here the court merely stated and restated the contentions of the plaintiff, relating those contentions to other parts of the charge, and he did not state "reasoning and deductions and inferences shown by the evidence in support of the contentions." *Sheppard v. Broome,* 214 Ga. 659, 663 (11) (107 SE2d 219).

There is no merit in ground 6 of the motion for new trial.

■ Ground 4 of the motion for new trial assigns as error a portion of the trial judge's instructions to the jury in which he charged: "The degree of care required by the law to have

been exercised by Rogers [the host driver] in relation to the plaintiff Nealy was that of slight care or diligence. Slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances, and the absence of such care is termed in law gross negligence. . . If you find that the operator of the automobile in which the plaintiff was riding was negligent and that such negligence on the part of the operator of the automobile in which the plaintiff was riding was the proximate cause of any injury, or injuries, that the plaintiff may have sustained, then your verdict in this case would be in favor of the defendant."

The defendant contends that this charge was erroneous because (a) it "defined negligence on the part of plaintiff's host driver, which if the sole proximate cause of plaintiff's injuries would bar recovery, as being a violation of a duty to exercise only slight care or diligence" and (b) it "injected matters into the case for the jury's consideration which were irrelevant . . . in that the charge that Willie Rogers had a duty to exercise only slight care or diligence would be relevant only in a suit in which Willie Rogers was a party defendant."

In cases of this nature the negligence, if any, of the host driver is not imputable to the guest passenger. *East Tenn. &c. R. Co. v. Markens*, 88 Ga. 60 (2) (13 SE 855, 14 LRA 281); *Goldstein v. Gee*, 76 Ga. App. 637 (2) (46 SE2d 763); *Beadles v. Bowen*, 106 Ga. App. 34 (4) (126 SE2d 254). However, the plaintiff is not entitled to recover against the defendant if the host driver's negligence *of any degree,* either gross, ordinary, or slight, was the *sole proximate cause* of plaintiff's injuries, for this necessarily excludes the defendant's negligence as a proximate cause contributing to the injuries. See: *Central of Ga. R. Co. v. Reid,* 23 Ga. App. 694, 696 (99 SE 235); *Brooks v. Carver,* 55 Ga. App. 362 (2) (190 SE 389); *Mishoe v. Davis,* 64 Ga. App. 700 (2) (14 SE2d 187); *Lewis v. Williams,* 78 Ga. App. 494 (4) (51 SE2d 532). The issue of the host driver's negligence as constituting the sole proximate cause of the plaintiff's injuries having been injected into this case by the defensive pleadings and the evidence, it was pertinent for the trial judge to charge the jury on this subject. *Smith v. Payne,* 85 Ga. App.

693 (2) (70 SE2d 163). However, as Willie Rogers was not a party defendant, the standard of care owed by him to the guest rider was completely irrelevant and for that reason erroneous to charge. In addition this portion of the charge was incomplete in that it did not go further and instruct the jury that the *degree* of care of the host driver was immaterial in this case as *any* degree of negligence of the host driver would preclude recovery if found to be the *sole proximate cause* of the plaintiff's injuries.

Further, because of the reason that Willie Rogers was not a party, this excerpt from the charge is objectionable in that it instructed the jury on an issue not made by the pleadings or evidence (i.e., the degree of care owed by a host driver to his guest). *Sellers v. White,* 104 Ga. App. 148 (1) (121 SE2d 385); *Malone v. City of Rossville,* 107 Ga. App. 271 (5) (129 SE2d 563).

Although the trial court may have erred, the error will not require reversal if the charge was harmless to the complaining party and could not have misled the jury. *Dever v. Akin,* 40 Ga. 423, 429; *Kimball v. State,* 63 Ga. App. 183 (6) (10 SE2d 240); *Sutton v. Ford,* 144 Ga. 587, 591 (87 SE 799, LRA 1918D 561, AC 1918A 106), and cases cited; *Neville v. National Life &c. Ins. Co.,* 36 Ga. App. 8, 10 (135 SE 315), and cases cited. In determining whether the error was harmful, the court must consider the charge as a whole and each part in connection with every other part of the charge. See *Cox v. State,* 64 Ga. 375, 377; *Mendel v. Pinkard,* 108 Ga. App. 128, 134-135 (132 SE2d 217), and cases cited.

Elsewhere the trial judge instructed the jury that if they should "find that the defendant was guilty of negligence in one or both of the particulars or grounds of negligence alleged in the plaintiff's petition, and that such negligence . . . was the proximate cause of the plaintiff's injury, or injuries, if he was injured, then the plaintiff would be entitled to recover against the defendant"; that if they should "believe that the defendant was not guilty of any of the acts of negligence charged against it in the plaintiff's petition, then the plaintiff would not be entitled to recover"; and that if they should "believe that the defendant was guilty of one or both of the acts

of negligence charged in the plaintiff's petition, but . . . not believe that such act, or acts, was the proximate cause of the plaintiff's injury, or injuries, if he was injured, then the plaintiff would not be entitled to recover." Nowhere in the charge is there any language which might lead the jury to believe that they would be authorized to find against the defendant if its negligence was not a proximate cause of the plaintiff's injuries.

Under the charge as given, the jury could not have returned a verdict against the defendant without finding that the negligence of the defendant was a proximate cause of the plaintiff's injuries, and this conclusion would, of course, make logically impossible a finding that the host driver's negligence was the sole proximate cause of the injuries. Thus the charge, although erroneous in part, could not have been harmful nor misled the jury and does not require a reversal.

The case of *Espy v. Ash,* 42 Ga. App. 487 (2) (156 SE 474) cited by the defendant is not in point with this case as there the objectionable charge permitted recovery from the defendant even if the jury found the host driver's negligence to have been the sole proximate cause of plaintiff's injuries. The charge thereby eliminated the basic requirement of law that recovery could be had from the defendant only if his negligence was a proximately contributing cause of plaintiff's disability. See *Georgia R. & Power Co. v. Bryans,* 35 Ga. App. 713 (1) (134 SE 787).

■ Ground 5 of the motion complains "Because the court failed to charge the jury as to the meaning of the term 'negligence' as applied to plaintiff's host driver, while charging the jury as to the meaning of that term as applied to the defendant only."

For reasons set forth in the preceding division the failure to charge as assigned was, if error, harmless.

■ The general grounds of the motion for new trial have been abandoned.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*