### 42146. HOLLYWOOD BAPTIST CHURCH OF ROME v. STATE HIGHWAY DEPARTMENT.

ARGUED JULY 6, 1966—DECIDED JULY 13, 1966.

*Clower & Royal, Robert L. Royal,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Deputy Assistant Attorney General, George Anderson,* for appellee.

DEEN, Judge. 1. When this case was here before it was pointed out that one of the errors in the court's instructions to the jury was a statement that inconvenience such as noise, smoke and dust might be considered by the jury if shown to affect adversely the value of the condemnee's remaining property. While such a statement is abstractly correct there was not on the first trial, nor is there upon the second one, any evidence of probative value that the value of the condemnee's remaining property would be permanently diminished by noise and dust caused by automobiles traveling along the new highway. It did appear that during construction some clay washed from a cut which the condemnor appropriated as a "slope easement" over some of the remaining land. No competent evidence was offered as to the permanency of this condition or that it was a necessary concomitant of the road design. The trial judge was accordingly correct, under the former decision in this case, in giving the

jury in charge the rule of law that "consequential damages to the remainder of the property which might have been caused by the negligence or improper construction of the highway are not proper elements to be considered in this condemnation proceeding, but may be the subject of a separate suit for damages."

2. The court further charged: "In determining just and adequate compensation, under constitutional provision, market value and actual value will ordinarily be synonymous." That the statement is correct, see *Housing Authority of Augusta v. Holloway,* 63 Ga. App. 485 (11 SE2d 418); *Housing Authority of Savannah v. Savannah Wire &c. Works,* 91 Ga. App. 881 (87 SE2d 671). The evidence on the present as on the former trial of the case authorized the jury to apply a "fair market value" approach only. See *State Hwy. Dept. v. Hollywood Baptist Church,* supra, Headnote 1. In *Bowers v. Fulton County,* 221 Ga. 731 (5) (146 SE2d 884), a charge that "the Constitution does not require in all cases the fair market value of the property taken to be used as a basis of determining just and adequate compensation, although, as stated, the measure is generally by determining the fair market value of the property actually taken" was held to be inaccurate on the ground that "it impliedly instructed the jury the Constitution contained a provision in reference to market value being the measure of just and adequate compensation," which it does not. The charge at issue here does not contain this fault, nor was it an inaccurate instruction under the evidence. In *Bowers* the elements of compensable damage included loss of business, loss of profits, expenses of moving the business, and so on. There the entire holding of the condemnee was involved. Here the land taken was a 10-foot strip from each of two lots, a slope easement, and nine square feet from a corner of one lot, the whole amounting to .028 acre. The charge as given was correct.

3. The third enumeration of error relating to the court's charge to the jury fails to comply with *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31) in that it does not appear that any objection was made in the trial court to the instructions given. While under subsection (c) this court is empowered to review instructions which are substantially and harmfully erroneous as a matter

of law, we take this to mean that the error must be such as to be blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it. The excerpt here dealt with does not fall into this category, and accordingly will not be further considered.

4. "When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based, but he may do so." *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845, 847 (140 SE2d 109) ; *Southern R. Co. v. Thacker,* 50 Ga. App. 706 (3) (179 SE 225). Where the value of property is in dispute, therefore, evidence of sales of comparable property not too remote in point of time may become relevant in one of two ways: the expert witness, in explaining, on cross examination or otherwise, how he arrived at his estimate of value, may refer to other sales of property taken into account by him and which influenced his opinion, or the fact and amount of sales of similar property may be introduced in evidence directly for jury consideration without passing through the mediating analysis of the experts. In the former instance, whether or not the property is sufficiently similar, and the sale sufficiently close in point of time, is evidence from which the jury may determine the credibility of the expert and, even though of doubtful probative value, is admissible for this purpose. *Clemones v. Alabama Power Co.,* 107 Ga. App. 489 (2) (130 SE2d 600). Where value is sought to be proved directly by comparable sales the foundation must first be laid by showing the similarity of the properties, and whether such foundation has been properly laid is for the determination of the trial judge who has a wide discretion in the matter, "and unless he has manifestly abused that discretion the appellate courts will not control it. Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer." *Georgia Power Co. v. Walker,* 101 Ga. App. 454 (2) (114 SE2d 159).

The evidence of the condemnor's witness, Horton, which was objected to as to the value of a piece of nearby vacant church property denominated by him as "comparable" sold two years

prior to the taking of the property involved here was given by Horton as one of the factors which he had taken into consideration in fixing the value of the subject property. Horton had qualified as an expert and had stated his conclusions as to the value of the property in question, and then explained that it was difficult for him to arrive at a value because so little church property was bought and sold that it had no established market value. On cross examination he stated that the church property previously sold was a vacant lot, but "The land was comparable. In fact, it was a little better located land than in my opinion, the Hollywood Baptist property."

The testimony was not inadmissible. Because it was not offered as direct evidence of value, but as one of the considerations on which the appraiser's estimate of value was based, it had as a purpose the establishment of facts bearing on the witness' credibility, accuracy and knowledge. Suppose, for example, that a witness who has by preliminary questioning been qualified as an expert should state as his conclusion the value of improved city property, and, on cross examination it should appear that he arrived at this figure by comparison with sales of unimproved rural property on the basis that both properties were owned by nonresidents. Should such testimony be stricken insofar as it involves the dissimilar property? The effect of the evidence would be, not to prove the value of the land, but to disprove the capacity of the appraiser. For this reason much latitude must be allowed in the admission of this sort of testimony, its effect, if necessary, to be limited by proper instructions from the trial judge. Grounds 4 and 5 show no error.

5. The three remaining enumerations of error refer to the exclusion of testimony regarding an area which was being condemned as a "slope easement," it appearing that a steep cut had been made for highway purposes resulting in erosion of clay along the bank onto the road. The questions to which objections were sustained are: "Do you know what the plans of the Highway Department are to arrest or remedy that condition? . . . At the time you made your appraisal, was there any noticeable evidence that such [planting to prevent erosion] had been done? . . . Will you state to the jury what the experience has

been out there since this construction began, since this ramp has been installed with reference to any other things [meaning excessive amounts of dust raised by passing traffic]?"

When the case was here before (*State Hwy. Dept. v. Hollywood Baptist Church*, 112 Ga. App. 857 (2, 3), supra), it was held that dust and noise affecting the remaining property, if shown to be permanent and continuing in character, may be taken into consideration by the jury in fixing consequential damages. It is contended that the witnesses, if permitted to answer the question, would have testified that the department tries to stabilize these fills and slopes with some form of vegetation; that no planting had been done at the time the witness inspected the property, and that in the witness' opinion, when the road is open for use there would be an excessive amount of dust coming from automobiles and other vehicles using it. These answers, if admitted, would be no more than conclusions as to what might take place at a future time, and would in no way establish that the department in fact intended to leave a raw cut without planting proper vegetation to prevent dust and erosion. The rulings show no reversible error.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*