42329. STATE HIGHWAY DEPARTMENT v. CALHOUN et al.

502

ARGUED SEPTEMBER 7, 1966—DECIDED SEPTEMBER 28, 1966—
REHEARING DENIED OCTOBER 24, 1966—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, D. Field Yow, L. Clifford Adams, Deputy Assistant Attorney General, Lon L. Fleming,* for appellant.

*Robert E. Knox, Warren D. Evans,* for appellees.

EBERHARDT, Judge. ■ The first two enumerations of error are as to the refusal of the trial court to exclude the evidence of a witness who testified concerning the sales of two nearby tracts of one acre each as a basis of giving his opinion of value as to the 47 acres of land involved in the condemnation proceeding.

While the size, shape, contours and the like are matters for consideration in determining whether comparability exists, these are not exclusive. It is difficult to find comparables, and might well be impossible if the rule were restricted to the sale of tracts of the same size as that involved in the condemnation proceeding. Whether a particular tract is sufficiently comparable to afford a reasonable basis of assessing value is largely a question which must be determined by the trial judge when the evidence is offered. As we have stated, he may consider whether the difference in size is of such magnitude and so affects the value as to reflect incomparability rather than compara-

bility, and if he concludes that it does he should exclude the evidence. But in so doing he will not make the determination on the basis of size alone; he will consider the locations of the tracts, the uses or potentials appearing, the nearness or remoteness of the time when the sale was made, and any other factor appearing.

We can not say that the difference in size alone was such as to indicate an abuse of the judge's discretion in admitting the evidence.

■ In the third enumeration error is assigned upon the refusal of the court to exclude the testimony of the witness, Monroe Kimbrel, because he did not relate his estimate of value to the time of taking.

We have carefully read the deposition of this witness, who testified as an expert on land values. While he did not specifically say that his opinion was as to the value of the land on the date of the taking, it appears that the plat made by condemnor for the purpose of the proceeding was tendered to him in identifying the tract and he was then asked whether he was familiar with the market value of the property. He answered that he was and gave his opinion as to the amount. This use of condemnor's plat in the proceeding sufficiently relates the testimony to the time of taking.

■ In the fourth enumeration of error it is asserted that the court erred in permitting the testimony of the witness, Kimbrel, to be played from a tape, including certain portions which had already been ruled inadmissible.

The record indicates that the judge admonished the jury that the excluded portions were to be wholly disregarded, that they had been ruled out and were not to be taken into consideration as part of the evidence.

The parties had taken the deposition of this witness by means of a tape recorder. It had not been transcribed and by agreement it was being played to the jury. With the admonitions given by the judge we think the offensive portions were effectively excluded. There was no other practical manner in which they could have been excluded under the circumstances. No error appears.

■ In the fifth enumeration of error it is contended that there was error in the charge that "in estimating the value of the land when taken for public uses the jury is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated or used," and a similar charge concerning the award of consequential damages to portions of the property not taken. It does not appear that any objection to this charge was made in the manner or at the time provided by *Code Ann.* § 70-207 (a, b), which was in effect at the time this case was tried, nor do we find that under the circumstances any gross injustice would result relative to this charge. Consequently no question is raised when it is first presented in the enumeration of errors. *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383).

■ ■ In the sixth enumeration error is assigned on the charge that "the laws of this state provide that if at the time the market value of the property sought to be condemned was to be estimated, it was known or anticipated that certain improvements would be made in the locality where the property was situated and this fact served to enhance the market value of the property, the owner would be entitled to the actual market value as affected by reason of the fact that it was known or anticipated that such improvement would thus be made. This is true though the projected improvement was to be made by the condemning authority. In this case I charge you that if you find from the evidence in this case that certain improvements would be made in the locality where the property of Vennie and Sarah D. Calhoun was situated and that these improvements or anticipated improvements would serve to increase the market value of Vennie and Sarah D. Calhoun's property, then, in that event, Vennie and Sarah D. Calhoun would be entitled to the actual market value as affected by reason of the fact that it was known or anticipated that such improvements would be made. This is true though the anticipated or projected improvements were to be made by the State Highway Department of Georgia," on the ground that it was an incorrect statement of the law, argumentative, misleading and confusing to the jury.

While it may have been a correct statement of the law at the time the case was tried, under the holding in *Hard v. Housing Authority of City of Atlanta*, 219 Ga. 74 (132 SE2d 25), it is in direct conflict with the provisions of Ga. L. 1966, pp. 320, 327[1] by which Chapter 36-11 of the Code was amended, and providing, inter alia: "In fixing and determining the amount of just and adequate compensation to be paid for property actually taken, consideration shall not be given to any increase or decrease in the value of the property actually taken resulting from the improvements, or the anticipation thereof, in connection with which the right of eminent domain is being exercised."

While this Act was not adopted until after the trial of this case, we are bound to give it effect in rendering our judgment. *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin*, 210 Ga. 447 (2) (80 SE2d 780); *Fulton Bag & Cotton Mills v. Williams*, 212 Ga. 783, 787 (3) (95 SE2d 848).

It will be necessary on another trial for the court to determine whether any of the evidence dealt with in Divisions 1 and 2 come within the proscription of the Act of 1966, if it is objected to on that ground. *State Hwy. Dept. v. Parker*, 114 Ga. App. 270 (150 SE2d 875).

█ The contention that condemnee is deprived of his vested rights in the verdict and judgment by application of the Act of 1966 is without merit. No litigant has a vested right in a verdict and judgment until the processes of review have been exhausted or precluded by the lapse of time; otherwise provision for review would be meaningless. And the fact that there has been a change in the law affecting the right of the successful litigant to obtain the particular verdict and judgment does not result in a deprivation of vested rights. *Western Union Tel. Co. v. Smith*, 96 Ga. 569 (23 SE 899). Nor is there a vested right in any remedial provision of the law. *Lockett v. Usry*, 28 Ga. 345; *Woodburn v. Western Union Tel. Co.*, 95 Ga. 808

---

[1]Whether the statute is, for any reason, unconstitutional is a matter lying exclusively within the jurisdiction of the Supreme Court. Until and unless it has made a contrary ruling we must treat the Act as constitutional in all respects.

(23 SE 116). Cf. *Norman v. State,* 171 Ga. 527 (2, 3) (156 SE 203).

The measure of the condemnee's recovery for the property taken remains as stated in the Constitution, "just and adequate compensation." Art. I, Sec. III, Par. I (*Code Ann.* § 2-301). This is not changed or altered by the Act of 1966. The date upon which the determination of just and adequate compensation is to be made remains the date of taking. The Act of 1966 made no change in that. The basic right and remedy of the condemnee remains intact. What the Act did change was the rule as to what evidence may be admitted in proof of the just and adequate compensation. "The procedures of the courts are always subject to legislation." *Willis v. Fincher,* 68 Ga. 444, 445.

█ It is true that the objection to this portion of the charge was not urged before verdict in accordance with the requirements of *Code Ann.* § 70-207 (a, b), but it is obvious that at that time it could not have been appropriately urged, since the Act of 1966 had not been adopted and the court was then bound by *Hard v. Housing Authority of City of Atlanta,* 219 Ga. 74, supra.

We are of the opinion that this is one of the situations in which *Code Ann.* § 70-207 (c) must be applied. Under the law as it now stands the charge is error and, as a matter of law, harmful. It is a serious misstatement of the law as to what may be considered by the jury in the assessing of "just and adequate compensation."

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*