42978. DONEHOO, Executrix v. FULTON COUNTY.

HALL, Judge. The condemnee in a condemnation proceeding before a special master (Ga. L. 1957, p. 387 et seq.; *Code Ann. Ch.* 36-6A) appeals to this court from the judgment of the superior court based on the jury verdict as to compensation to be paid her. The condemnee argues in support of her enumerations of error that on the trial of her appeal from the award of the special master the court erred in excluding certain evidence.

1. The record does not support the enumeration of error on the exclusion of a provisional subdivision plat.

2. The condemnee argues that the condemnor's evidence was insufficient to prove just and adequate compensation for the property in that all its evidence was of sales of other property contended to be comparable. The condemnor's witnesses were qualified as expert real estate appraisers and they testified as to their opinions of the value of the land based upon comparable sales of which they had knowledge. This evidence was admissible and sufficient to authorize a verdict. *Gulf Refining Co. v. Smith,* 164 Ga. 811 (139 SE 716); *Powers v. Powers,* 213 Ga. 461 (99 SE2d 818); *Landrum v. Swann,* 8 Ga. App. 209 (68 SE 862).

3. The court ruled out the testimony of two witnesses as to their recent purchases of land on the ground that the lands they purchased were not comparable to the condemnee's 39.63 acres. "It has been stated in numerous court decisions that, when the sale price of similar land is offered as evidence of the value of land being condemned, it is within the sound discretion of the trial court to determine whether the other sale is comparable and admissible to throw light on the value of the land being condemned." *State Hwy. Dept. v. Rutland,* 112 Ga. App. 792, 794 (146 SE2d 544). The evidence offered in this case as to the similarity between the allegedly comparable property that had been recently sold and the condemnor's property did not demand a finding by the trial court that either of those properties was comparable to the property taken. We cannot say that the trial court abused its discretion in excluding evidence of these sales. *Ga. Power Co. v. Hendricks,* 97 Ga. App. 369, 373 (103 SE2d 601); accord *State Hwy. Dept. v. Calhoun,* 114 Ga. App. 501 (151 SE2d 806).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Submitted September 5, 1967—Decided September 12, 1967—Rehearing denied September 26, 1967.

*John I. Kelley, H. C. Holbrook,* for appellant.
*Harold Sheats, Martin H. Peabody, Alex M. Hitz,* for appellee.