## 42976.  CITY OF DOUGLAS v. RIGDON.

FELTON, Chief Judge.  1.  In this appeal from the judgment of the trial court overruling appellant-condemnor's motion for new trial, the enumeration merely of such judgment as error, without separately enumerating as error each ground of such motion, is a sufficient compliance with *Code Ann.* § 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243) where the motion as amended is included in the record and where appellant's brief argues each ground thereof separately. *Wall v. Rhodes*, 112 Ga. App. 572 (1) (145 SE2d 756); *Puckett v. Puckett*, 222 Ga. 653 (151 SE2d 767).

2. Since appellant failed to object to the giving of and failure to give certain instructions to the jury before the jury returned its verdict, as required by *Code Ann.* § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498), nothing is presented for consideration on this appeal under Subsection (c) of said Code section unless it appears that the error contended is "blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it" (*Hollywood Bapt. Church v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (3) (150 SE2d 271)), and that a "gross miscarriage of justice attributable to it is about to result" (*Nathan v. Duncan*, 113 Ga. App. 630, 638 (149 SE2d 383); *Metropolitan Transit System, Inc. v. Barnette*, 115 Ga. App. 17 (1) (153 SE2d 656)), or that it was "harmful as a matter of law." *Code* § 70-207 (c). None of Special grounds 1 through 4 meets the above tests.

3. Special ground 5 attacked a charge which allowed the jury to award the appellee-condemnee damages for enhancement in the value of his property resulting from the previously announced intention of the condemnor-appellant to take an area which includes the subject land.  This charge was authorized by the holding in *Hard v. Housing Authority of City of Atlanta*, 219 Ga. 74 (132 SE2d 25), which remains the law on this subject by virtue of the decision in *Calhoun v. State Highway Dept.*, 223 Ga. 65, 67 (2) (153 SE2d 418), holding unconstitutional Ga. L. 1966, pp. 320, 327, which had amended *Code Ann.* § 36-1117.  Special ground 5 is also without merit.

4. The verdict was within the range of the evidence; therefore, the general grounds are without merit.

The court did not err in its judgment overruling the motion for new trial as amended.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*

Argued September 5, 1967—Decided September 13, 1967.

*Preston & Preston, M. L. Preston, Elie L. Holton,* for appellant.

*Dewey Hayes, Sumner & Boatright, J. Laddie Boatright,* for appellee.