## 43009.  CARROLL v. MORRISON.

DEEN, Judge.  1.  "Where it appeared that plaintiff stopped her automobile at an intersecting street, observed defendant approaching from her left at a distance of some 400 feet and at an apparent speed that she judged would make it safe for her to proceed across the intersection, but that she either misjudged defendant's distance away or his speed, which may have been in excess of that permitted by law, resulting in a collision of the vehicles in the intersection  . . .  the matter should have been submitted to the jury under the comparative negligence doctrine."  *Yandle v. Alexander,* 116 Ga. App. 165 (156 SE2d 504). The same rule applies where, as here, the plaintiff having the right of way on a highway but probably traveling in excess of 60 miles per hour collided with the defendant's vehicle which, after stopping and after the defendant driver had actually observed the plaintiff on his left approaching from what appeared to him to be a safe distance away, entered the intersection at a very slow rate of speed and the two vehicles collided.  In the *Yandle* case this court reversed a verdict directed for the defendant; here the defendant appellant contends that a verdict in his favor was demanded.  The court properly left the matter for determination by the jury.

2. It is further contended, both as applied to the general grounds of the motion for new trial and instructions given in that connection, that the plaintiff could not recover the value of the automobile which was sued for as one of her items of damage.  The plaintiff pleaded and testified on direct examination that the car belonged to her.  On cross examination she stated that her husband had purchased it for her and that it was in both their names.  The plaintiff objected to certain instructions on the ground that "Mr. Parker in his argument to the jury stated that they were only asking for half, since the evidence showed that the plaintiff only owned maybe half of the vehicle, that they only asked for half of the damages to it.  We think the evidence in this case shows that the title to the vehicle was in the plaintiff's husband, and, therefore, the jury would have to find that all the title was in the plaintiff in order for the plaintiff to recover.  You can't split a cause of action on the damages to a vehicle because two different people own it."  We think this objection goes only

to the question of ownership by tenants in common, and the right of less than all to sue for property held jointly. *Code* § 3-111 provides: "A tenant in common need not join his cotenant, but may sue separately for his interest, and the judgment in such case shall affect only himself." The objection was without merit.

3. One who has an occupation such as that of waitress, whose average annual income depends in part on tips for service rendered, is entitled to prove her average earnings, including tips, in an action for the recovery of lost earnings, as against the contention that tips are mere gratuities and not income. See Roberts v. Commr. of Int. Rev., 176 F2d 221; Williams v. Jacksonville Terminal Co., 118 F2d 324, aff. 315 U. S. 386.

4. There are several objections to the failure of the trial court to charge certain Georgia statutes or Code sections relating to the operation of motor vehicles on the highway, but neither the enumeration of errors, amended motion for new trial, objections to the charge, or brief of appellant clearly specifies and points out what it is contended the trial court should have charged. Accordingly, we will not consider these enumerations of error. *Strickland v. English,* 115 Ga. App. 384 (154 SE2d 710). In like manner, special grounds 2, 3, 4 and 5 object to certain testimony of a chiropractor, but fail to identify either by quotation or page reference the matter referred to. While the requirements for the contents of an amended ground of a motion for new trial have been relaxed, *Code Ann.* § 70-302 still requires that the language objected to must be identified. These grounds are also too vague and indefinite for consideration. Nor do we find any error in the court's failure to specifically define such words as "private road," "public road" and "thoroughfare." Since the evidence was undisputed that the plaintiff's vehicle was traveling on a highway, and that the defendant, approaching from a private driveway which apparently entered the highway at the same point as a secondary road, stopped before proceeding onto the highway, and that each party saw the other at a distance of not less than 100 yards away, the charge of the court as to the duty to yield at intersections was adequate; conceding but not deciding that under some circumstances the jury might need the benefit of definition of what are usually thought of as nontechnical terms, in this

case it was not necessary to call upon them to make such a distinction.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 6, 1967—
REHEARING DENIED NOVEMBER 1, 1967.

*Marson G. Dunaway, Jr.,* for appellant.
*James I. Parker,* for appellee.