43112, 43113. HOLCOMB v. KIRBY; and vice versa.

ARGUED OCTOBER 2, 1967—DECIDED JANUARY 11, 1968—REHEARING
DENIED JANUARY 30 AND FEBRUARY 19, 1968—CERT.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Burton Brown*, for appellant.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, David R. Aufdenspring*, for appellee.

EBERHARDT, Judge. ■ Appellant enumerates as error the charging of both Subsections (a) and (b) of *Code* § 68-1650 (which he now contends are conflicting) "without giving an explanation as to how they should be resolved." No exception was made to this part of the charge, or as to any failure of the court to charge an "explanation" thereof at any time before verdict, as is required by *Code Ann.* § 70-207 (a). Consequently, unless

error appears that is "harmful as a matter of law" we are not authorized to consider this enumeration. For statements of when an error (if there was one) meets the test for consideration under *Code Ann.* § 70-207 (c), see *Nathan v. Duncan*, 113 Ga. App. 630 (6), 636 (149 SE2d 383); *Ga. Power Co. v. Maddox*, 113 Ga. App. 642 (1) (149 SE2d 393); *Hollywood Baptist Church of Rome v. State Hwy. Dept.*, 114 Ga. App. 98, 99 (3) (150 SE2d 271); *Southwire Co. v. Franklin Aluminum Co.*, 114 Ga. App. 337 (2) (151 SE2d 493); *Metropolitan Transit System, Inc. v. Barnette*, 115 Ga. App. 17 (1) (153 SE2d 656); *Windsor Forest, Inc. v. Rocker*, 115 Ga. App. 317, 324 (4) (154 SE2d 627); *Moon v. Kimberly*, 116 Ga. App. 74 (2) (156 SE2d 414); *City of Douglas v. Rigdon*, 116 Ga. App. 306 (2) (157 SE2d 66), and *Hawkins v. State*, 116 Ga. App. 448 (157 SE2d 800). The situation presented here does not meet these tests. Cf. *Williams v. State*, 223 Ga. 773 (4) (158 SE2d 373).

It does not appear, and it is not contended that any request was made upon the court for any other or further charge than that which was given relative to these statutory provisions. For this reason no error appears. *Barnes v. Barnes*, 224 Ga. 92 (3); *Foskey v. State*, 116 Ga. App. 334 (2) (157 SE2d 314); *Carroll v. Morrison*, 116 Ga. App. 575 (4) (158 SE2d 480); *Gilmore v. State*, 117 Ga. App. 67 (1).

As we understand the dissent, it is not found, as contended, that the two subsections of this statute are *conflicting*. Rather, the view is that each is appropriate to a different state of facts, and that the evidence, being conflicting, presents each state of facts. With that we agree. Consequently, the charging of each subsection was appropriate. A contrary holding is not to be found in *Ivey v. Hall*, 77 Ga. App. 350 (48 SE2d 788), where the charge was not in the language of the statute, and the court, though finding some "inaptness" in the charge, found no reversible error.

■ Under the definition of emergency in *Seaboard A.-L. R. v. McMichael*, 143 Ga. 689, 695 (85 SE 891), we think the facts as developed by the evidence in this case authorized a charge on the matter. And see *Bryant v. Ga. R. &c. Co.*, 162 Ga. 511, 517 (134 SE 319) where it was asserted that "The rule judicially stated is that one who in a sudden emergency acts ac-

cording to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." And see *Ware v. Alston*, 112 Ga. App. 627, 629 (145 SE2d 721).

■ Enumerated error 3 complains of the court's having injected into the case an issue of whether or not the plaintiff could recover from Mrs. Payne, the host driver, by charging the degree of care Mrs. Payne owed to Mrs. Holcomb and charging that there could be a recovery against either or both of the responsible parties. The court also charged that the negligence, if any, of Mrs. Payne would not be imputable to Mrs. Holcomb if Mrs. Holcomb was a guest passenger; that if Mrs. Holcomb was a guest passenger and that the negligence of both Mrs. Payne and the defendant, if any, combined to cause Mrs. Holcomb's death, the plaintiff would be entitled to recover even though Mrs. Payne is not a party and even though there was a difference in the degree of negligence, if any, by the defendant on the one hand and Mrs. Payne on the other; that if the sole proximate cause of Mrs. Holcomb's death was the negligence of the defendant alone, then the plaintiff was entitled to recover; that if the sole proximate cause of Mrs. Holcomb's death was the negligence of Mrs. Payne alone, then there could be no recovery by the plaintiff. Considering the charge as a whole, this part was not misleading to the jury. See *Scholle Atlanta Corp. v. Nealy*, 110 Ga. App. 775, 776 (2) (140 SE2d 88), and citations.

■ Enumerated errors 4 and 5 complain of the court's refusal to charge the jury *in the language of the plaintiff's written requests* numbers 5 and 6. While prior to the adoption of the Appellate Practice Act a court was required to charge an appropriate written request, timely made, in its exact language, the requirement is no longer viable. It was grounded upon *Code* § 70-207, which was specifically repealed by the Act. *Carnes v. State*, 115 Ga. App. 387, 393 (6) (154 SE2d 781). The subject matter of the requests was sufficiently covered in the charge.

Moreover, the record does not indicate that exception to the refusal of the requests was properly made. *U. S. Security Warehouse v. Tasty Sandwich Co.*, 115 Ga. App. 764 (1) (156 SE2d 392), and citations.

272

*Judgment affirmed on the main appeal; cross appeal dismissed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen and Quillian, JJ., concur. Felton, C. J., dissents in part. Whitman, J., disqualified.*

FELTON, Chief Judge, dissenting. I dissent from the judgment and Division 1 of the majority opinion. In my opinion we are squarely faced with the question whether Subsection (c) of the Act of 1965 and 1966 as codified in *Code Ann.* § 70-207 has any meaning. In my opinion the failure of the court to explain to the jury the meaning of *Code* § 68-1650 (a) and (b) was error as a matter of law. Without an explanation the jury could not possibly have decided the case on any sound or reasonable basis. The question as to when two vehicles approach an intersection at approximately the same time is a vital one and one that will be the determining factor in the many intersection cases which are bound to arise in the future. It is of vital importance that this question be decided now for the protection of the parties to this as well as future cases involving the question which has not been decided in this state.

Enumerated error 1 is as follows:

"1. The court erred in charging the jury on two conflicting propositions of law, without explanation as to how they should be resolved, as follows:

"(a) The court charged the language of *Georgia Code* § *68-1650 (a)* which provides that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"(b) The court also instructed the jury that under *Georgia Code* § *68-1650 (b)*, when two vehicles enter an intersection at approximately the same time, the vehicle on the right shall have the right of way.

"(c) However, the court gave the jury no rules for resolving the conflicting statutes."

The enumeration of errors need not conform to the overly stringent technicalities of the assignments of errors abolished by the rules of the Appellate Practice Act of 1965. *Code Ann.* § 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243). It can be expounded and elaborated upon by the briefs and by oral

argument as long as it meets the minimum requirement of putting the opposite party on notice of the errors complained of.

The basis of the contended conflict is the view that the pleadings and evidence show that the VW necessarily "entered" the intersection first, yet, because of their relative speeds, both vehicles entered the intersection "at approximately the same time." Under this view, the effect of charging both subsections without explanation in the present case was to charge that both vehicles had the right of way at the intersection, the plaintiff's under Subsection (a) and defendant's under (b).

"Apart from, or without reference to, such statutes, or at least in the absence of regulations establishing a different rule, it has been held that the vehicle first reaching and entering an intersection has the right of way over a vehicle subsequently reaching it; and the driver of the latter vehicle should delay his progress so as to allow the first arrival to pass in safety." 60 CJS 871, Motor Vehicles, § 362 (b 3). *Teague v. Keith,* 214 Ga. 853 (108 SE2d 489); *Phillips v. Reece,* 106 Ga. App. 779 (128 SE2d 370); *Meeks v. Johnson,* 112 Ga. App. 760 (146 SE2d 121). Irrespective of the matter of right of way, both of the drivers had a duty under *Code Ann.* § 68-1626 (a), (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended) to drive at an appropriate reduced speed in approaching the intersection, and failure to perform this duty could have been found to be such additional negligence as would have made it impossible to comply with the right of way statute. Since there was evidence authorizing a finding that the VW entered the intersection first, the charge on Subsection (a) was appropriate.

The provision of Subsection (b) is not intended to be in conflict with that of Subsection (a) (60 CJS 871, Motor Vehicles, § 362 (b 3)), but applies to a different factual situation, i. e., where the vehicles enter the intersection at "approximately the same time." This phrase has been variously defined by the courts so as to apply, generally, when, at a given point in time, there is an imminent hazard of a collision if both continue the same course at the same speed; "and the right of way must be yielded to a vehicle approaching from the left and first entering the intersection only if the vehicle on the left has reached the

intersection an appreciable length of time ahead of the automobile approaching from the right and is in actual possession of the intersection." 60 CJS 871, Motor Vehicles, § 362 (b 3), nn. 92, 93, and cit. The cases therein cited agree on the propositions that the mathematical determination of who reaches an intersection first by a few feet should not be controlling, and that the driver on the left cannot pre-empt the intersection by a mere split-second prior entry, as by racing into it with undiminished speed. "Approximately the same time," then, means, generally, within a split second of each other. Under this construction, even if the jury found, for example, that the defendant's vehicle was only 40 feet away from the intersection as the VW was entering it, and the defendant's speed was twice that of the VW, nevertheless, if the defendant entered the intersection one second or longer after the VW, then the defendant could be found to have violated the VW's right of way.

The evidence as to the speeds, distances and times involved is necessarily based on opinion and circumstances, which cannot be so absolutely and mathematically weighed as to decide the issues as a matter of law. In view of the close situation presented by the evidence as to whether or not the vehicles entered the intersection at "approximately the same time," the jury was properly charged the provisions of Subsection (b). Although the provisions of the two subsections are not in conflict, nevertheless the proven facts in a given case can come within the purview of but one of them and the jury should have been given sufficient interpretation of the two provisions and instructions as to how to determine which was applicable under the particular facts they might find. "[I]f there is or may be a difference of opinion regarding the interpretation of the statutory language, it has been said to be the better practice for the trial court, in giving instructions in such language, to interpret the statute." 10B Blashfield, Cyclopedia of Automobile Law and Practice, p. 482, § 6666. See also *Ivey v. Hall*, 77 Ga. App. 350 (48 SE2d 788), in which a similar charge was held error for lack of an explanation of how to determine the question of right of way. "A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury

in such a confused condition of mind that they cannot render an intelligent verdict." *Strong v. Palmour,* 113 Ga. App. 750, 754 (149 SE2d 745), and cit.

Although no exception to the above charge was made during the trial, because the charge of the two subsections, without any interpretive instructions, left the jury in this case confused as to how to determine the right of way under such statute, and may well have the same result in future similar cases, it was "a substantial error in the charge which was harmful as a matter of law," such as can be considered without an objection. *Code Ann.* § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498); *McCurry v. McCurry,* 223 Ga. 334 (1) (155 SE2d 378); *Carnes v. State,* 115 Ga. App. 387, 392 (5) (154 SE2d 781); *State Hwy. Dept. v. Calhoun,* 114 Ga. App. 501 (5c) (151 SE2d 806).